EDWARD T. BLAIR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 25684. Promulgated November 9, 1929.

*Calvin F. Selfridge, Esq.*, and *J. F. Dammann, Jr., Esq.*, for the petitioner.

*J. Arthur Adams, Esq.*, for the respondent.

70

72

**OPINION.**

LITTLETON: The Board has held in a number of cases that the *cestui que trust* of a trust estate may make an assignment of his

interest therein and that income from the estate subsequently accruing to the assignee is not taxable to the assignor. Under the will of William Blair a trust was created and after the death of the testator's wife the petitioner became entitled to the entire income thereof during his life. By the assignments set out in the findings of fact he irrevocably assigned a certain portion thereof to his three children. Under Illinois law, where all of these parties resided and the trust estate was located, these assignments were valid and conveyed petitioner's interest in the estate to the extent indicated.

In *Merchants Loan & Trust Co.* v. *Patterson*, 308 Ill. 519; 139 N. E. 912, the court said:

In equity * * * the *cestui que trust* may deal with his equitable estate as property. He is the beneficial and substantial owner, and if under no disability may sell and dispose of his estate, and any legal conveyance will have the same operation upon the equitable estate as a similar conveyance of the legal estate would have at law upon the legal estate. (1 Perry on Trusts Sec. 321). There is a fundamental proposition that equitable estates are governed by the same rule as legal estates, otherwise inextricable confusion would ensue. (*ibid* sec. 357). In the consideration of a court of equity the *cestui que trust* is actually seized of the freehold. He may alien it, and any legal conveyance by him will have the same operation in equity upon the trust estate as it would have had at law upon the legal estate. *Croxall's Lessee* vs. *Shererd*, 5 Wall. 268.

The recent case of *Marshall Field*, 15 B. T. A. 718, is very similar to this case. There the taxpayer was the beneficiary of a trust created by his grandfather and assigned to his wife an undivided two-thirds interest in all the net income of two-fifths of the residuary estate of Marshall Field, deceased. The Board upheld the assignment and said:

The first question raised in this proceeding is whether certain income from a trust fund, received by the petitioner's wife pursuant to a formal and complete assignment by him to her of his right or interest, is nevertheless taxable to the petitioner.

The right of the petitioner in the trust was clearly and definitely established and determined by the courts of the State of Illinois, and as to property rights, its decree is unquestionably binding on this Board.

From this decree it is apparent that as to the two-fifths trust, the petitioner's right or interest is adjudged to be unqualified to the extent that he is not only entitled to all the income but is so entitled thereto with all the incidents of absolute ownership. By virtue of those provisions in the decree the right or interest in question is as freely assignable as any beneficial right or interest under a testamentary trust ever can be.

That the petitioner's vested estate in the two-fifths trust was assignable under the applicable law, namely, that of the State of Illinois, is not questioned. Consideration is not necessary to support and render perfect and irrevocable an executed assignment of a vested equitable right or interest such as the petitioner's interest in the two-fifths trust. *Edith H. Blaney*, 13 B. T. A. 1315. The petitioner by such assignment completely divested himself of any interest

in the right to receive such income and it follows that he may not be taxed therefor.

We regard this case as controlling here.

Without further elaboration we refer to the following cases in which assignments of interest in or income from a trust estate were held valid and that subsequent income was not taxable to the assignor. *F. C. Hubbell et al.*, 14 B. T. A. 1040; *Grace Scripps Clark*, 16 B. T. A. 453; *Edith H. Blaney*, 13 B. T. A. 1315; *Young* v. *Gnichtel*, 28 Fed. (2d) 789; *O'Malley-Keyes* v. *Eaton*, 24 Fed. (2d) 436.

We do not regard the cases cited by respondent as applicable to the facts in this case, as they were not trust cases, except *Gideon N. Stieff*, 2 B. T. A. 1109, and *Maud Dunlap Shellabarger*, 14 B. T. A. 695. In the *Stieff* case the petitioner and assignor was the trustee and there was no written evidence of the assignment. He merely gave the income to his daughter. The Board held that the income was taxable to Stieff because there was no written or other transfer to his daughter. In the *Shellabarger* case there was no irrevocable transfer or assignment. It was a mere agreement to pay certain sums from income in compromise of a will contest.

In this proceeding it is of no consequence that petitioner was one of the trustees, as his powers and duties were clearly and strictly defined by the will of William Blair and the law applicable thereto and he was powerless to act except in conjunction with his cotrustee. Clause twenty of the will and certain expressions in the assignments from petitioner to his children are merely efforts to make the income free of the claims of creditors, but, whatever may be their effect, there is no limitation by which the income should return to the petitioner. We conclude that the income paid to the assignees Lucy Blair Linn, Edith Blair, and Edward Seymour Blair, under the assignments in question during 1923 was not taxable to the petitioner.

*Judgment will be entered under Rule 50.*