EUGENE SIEGEL, EXECUTOR, ESTATE OF JACOB SIEGEL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 28360, 29619. Promulgated August 13, 1930.

*Fred R. Angevine, Esq.*, for the petitioner.
*Brooks Fullerton, Esq.*, for the respondent.

### OPINION.

MURDOCK: The petitioner contends that the payments in question constitute a return of capital and not income, and, alternatively, that in no event are the amounts taxable income to the decedent. The first contention fails for lack of evidence to support it. On any theory of the case, the facts disclose no basis by which we might determine what part, if any, of the payments in question would be a proper deduction from the decedent's gross income in either of the years 1922 and 1923. There is no contention by the petitioner that a different principle applies to the excess over $2,500 of the payment made to the decedent in January, 1922, than applies to $2,500 thereof. We therefore can not hold that the Commissioner erred in including in the decedent's gross income the payment of $3,095 for January, 1922, which was received and retained by him.

The remaining question is to determine the effect of the agreement of January 25, 1922, upon the net amount of the payments made during the period from February 1, 1922, through December 31, 1923, by the S. S. Kresge Corporation to the Jacob Siegel Corporation and turned over by the latter to Jacob Siegel's children.

The transfer by the decedent of his leasehold interest on May 21, 1918, was absolute and irrevocable. It effected a valid conveyance of his estate in the property to the Jacob Siegel Corporation. See *Eugene Siegel, Executor*, 19 B. T. A. 683. From and after that date the decedent had a right to receive $2,500 monthly so long as he lived; or in case the property produced less than that amount, the total net revenue thereof. On January 25, 1922, he made a valid

written assignment by which he divested himself of all of his right under the former contract and by which the right to the annuity was vested in his children. See *Ebel* v. *Piehl*, 134 Mich. 64; 95 N. W. 1004; *Shepard* v. *Shepard*, 164 Mich. 183; 129 N. W. 201. The present case presents a set of facts at least as favorable, if not more favorable, to the petitioner's contention than were present in the following cases involving this same question, all of which were decided in favor of the taxpayer. *Edith H. Blaney*, 13 B. T. A. 1315; *F. C. Hubbell et al.*, 14 B. T. A. 1040; *Marshall Field*, 15 B. T. A. 718; affirmed as to this point, 42 Fed. (2d) 820; *Grace Scripps Clark*, 16 B. T. A. 453; *Edward T. Blair*, 18 B. T. A. 69; *Young* v. *Gnichtel*, 28 Fed. (2d) 789; *O'Malley-Keys* v. *Eaton*, 24 Fed. (2d) 435. See also *Copland* v. *Commissioner*, 41 Fed. (2d) 501. We hold that the amounts paid after January 25, 1922, were not properly taxable to the decedent.

*Judgment will be entered under Rule 50.*