**HALL v. BURNET, Internal Revenue Commissioner (two cases).**

Nos. 5173, 5174.

Court of Appeals of District of Columbia.

Argued Oct. 9, 1931.

Decided Nov. 16, 1931.

John A. Selby and Henry Ravenel, both of Washington, D. C., for appellant.

C. M. Charest, Prew Savoy, and J. Louis Monarch, all of Washington, D. C., and Morton P. Fisher, of Baltimore, Md., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

HITZ, Associate Justice.

The appeals in these cases are from final orders of the Board of Tax Appeals entered September 30, 1929, finding deficiencies in income taxes for the years 1921 to 1924, inclusive.

They come to this court by petition for review, filed January 22, 1930, under the Revenue Act of 1926, chapter 27, sections 1001, 1002, and 1003 (26 USCA §§ 1224–1226).

The sole question involved is the taxability as income to an insurance agent of payments made to his wife by his company pursuant to an assignment to her of an interest in his contract for commissions on renewals.

By contract executed September 23, 1905, appellant, then and now a resident of Fort Wayne, Ind., entered the employ of the Lincoln National Life Insurance Company on the basis of an annual salary of $2,600, with commissions on all renewal premiums paid the company from year to year on life insurance written and issued by the company during the continuance of the contract.

On January 2, 1921, he and his second wife made a contract defining her rights in his property for the protection of his children by an earlier marriage, in consideration of which she renounced her dower.

Among other provisions thereof, he sold, assigned, and transferred to her an undivided interest in the contract with his company, to the extent of $33,333.33 per annum, to be paid her for the three years 1921, 1922, and 1923.

By supplemental agreement of December 28, 1923, he similarly assigned $42,178.27 to be paid her during the years 1924 and 1925.

The company accepted the assignments, made the payments as provided, which Mrs. Hall retained and made return thereof as part of her income, while appellant made no return of such moneys.

The Commissioner and the Board of Tax Appeals held that he should have made such return, the board saying in its opinion: "We believe the agreement of the petitioner with his wife and the assignments made pursuant thereto merely constituted the assignment of the petitioner's future income and that the amounts received by Mrs. Hall were income to the petitioner. This conclusion is based primarily upon Woods v. Lewellyn [C. C. A.] 252 F. 106."

But a reading of Woods v. Lewellyn, does not impress us with its applicability.

There, as here, the tax sought to be imposed was on commissions on renewal insurance received under an insurance agent's contract, but the question for decision in that

case, in marked contrast with the question for decision here, was not by whom payable; but whether, under the act of 1913, agent's commissions previously earned though received in that year were income for taxing purposes for the year in which received.

In this case, there is no contention that the moneys received from the insurance company, under circumstances somewhat similar to those in the Woods Case, are not taxable income, but the question is whether they are taxable to the agent to whom they were originally due under the terms of his contract, or to another to whom he had, prior to their receipt, assigned the contract out of which they accrued. That question we do not regard as concluded by anything said by the Circuit Court of Appeals in the Woods Case.

Nor do we agree with the suggestion in the appellee's brief that Lucas v. Earl, 281 U. S. 111, 50 S. Ct. 241, 74 L. Ed. 731, is controlling here.

In that case, a man and his wife had agreed generally that all property they then had or might in the future have should be joint property, and the Supreme Court held that a salary and attorney's fees earned by the husband were taxable to him. The court saying: "There is no doubt that the statute could tax salaries to those who earn them and provide that the tax could not be escaped by anticipatory arrangements and contracts however skillfully devised to prevent the salary when paid from vesting even for a second in the man who earned it."

From this it is obvious that if what was here sought to be conveyed from the husband to the wife was salary, or personal earnings, the same would still be taxable to him though he never actually received it, but in the view we take of this case, what was assigned was neither income nor earnings, but property. It was not an assignment of future earnings but the transfer of a property right, and though this property right gave rise to future income, uncertain and contingent though it might be as to amount, that fact does not destroy the distinction. In this case, the contract between appellant and the insurance company gave him a property right in all renewal premiums on all business written for the company by him or by others during the period of the contract. Undoubtedly, his right to these commissions would survive his death and would pass to his estate to the same extent and in the same way as other property which he then possessed. In these circumstances, it is obvious that the right was fixed and certain, and was independent of any future service to be rendered by him. Any uncertainty in the situation concerned only the amount; but the agent's rights as against the insurance company were established. When, therefore, the contract was assigned to his wife, a property right passed to her, as capable of assignment as any other sort of property; for instance, as rents to accrue from a lease for a term of years, or royalties from a patent.

The decision of the Board of Tax Appeals in each case is reversed, and each case is remanded for further proceedings not inconsistent with this opinion.

Reversed.