*1200 OPINION.
McMahon :
The principal question presented is whether the amounts of $30,000, $48,500, $57,000, and $57,000 paid by the trustees of the William Blair trust to the four children of the petitioner in *1201 the respective years 1924,1925,1926, and 1929, under the assignments referred to in our findings of fact, constituted taxable income to the petitioner in those years. The respondent held that the full amount of the net income of the trust was taxable to the petitioner in each year, since, under the terms of the will of William Blair, the petitioner’s father, the petitioner was entitled to the same as it arose or accrued. It is the position of the respondent that the assignments do not relieve petitioner of his liability for the tax.
In Edward T. Blair, 18 B. T. A. 69, we were concerned with the tax liability of the same petitioner as is here involved for the year 1923 and had under consideration the three assignments made by the petitioner on April 2, 1923, to Lucy Blair Linn, Edith Blair, and Edward Seymour Blair. We there held that such assignments were valid and effected conveyances of the petitioner’s interest in the trust to the extent indicated in each assignment and that the income accruing to such portion assigned was not taxable to the petitioner.
In Commissioner v. Blair, 60 Fed. (2d) 340; certiorari denied, 288 U. S. 602, the United States Circuit Court of Appeals for the Seventh Circuit reversed the decision of this Board in Edward T. Blair, supra, its holding being based upon its conclusion that under the law of Illinois the testamentary trust in question was a spendthrift trust and hence the petitioner could not make a valid assignment of his interest in the income from the trust prior to the time it was received by him. The Circuit Court there stated in part:
The only question presented for our determination is whether the law will permit the trust income devised to respondent by his father’s will to be assigned by him prior to his actual receipt of it. If this question be answered in the affirmative, the ruling of the Board, is correct; if it be answered in the negative, respondent is properly chargeable with the taxes assessed, and the cause must be reversed.
The citizenship of respondent and testator, the location of the trust property, and the creation and administration of the trust all being in Illinois, we we required to be guided by the laws of that state in determining the question presented. Spindle, Assignee, v. Shreve, 111 U. S. 542, 4 S. Ct. 522, 28 L. Ed. 512.
* * * * * <1 *
* * * However, toe are concerned only with the law-as the Illinois courts have interpreted it, and whether that interpretation be right or wrong is beside the question. [Emphasis supplied.]
At the time the Circuit Court of Appeals rendered its opinion quoted above the courts of Illinois had not, so far as we know, construed tlie will of the petitioner’s father or passed upon the validity of the particular assignments in question. However, subsequent thereto, the Appellate Court of Illinois, First District, held that the testamentary trust was not a spendthrift trust and further held that all the assignments made by the petitioner were valid.
*1202 A somewhat similar situation was presented in Hubbell v. Helvervng, 70 Fed. (2d) 668, decided bj the United States Circuit Court of Appeals for the Eighth Circuit. There the question presented was whether amounts retained by trustees from the gross receipts of a trust estate for the years 1924, 1925, 1926, and 1928 to maintain a reserve for depreciation of trust assets and to offset the undepreciated cost of obsolete buildings constituted distributable and taxable income to the beneficiaries of the trust. That court, in a prior proceeding, involving the same question and taxpayer for the years 1922 and 1923, had held that the trust instrument did not require or provide for such depreciation and obsolescence charges and that the amounts set aside therefor were distributable and taxable to the beneficiaries. Hubbell v. Burnet, 46 Fed. (2d) 446, affirming F. C. Hubbell, 14 B. T. A. 1040; certiorari denied, 283 U. S. 840. However, after such prior decision of the Circuit Court of Appeals for the Eighth Circuit, a court of competent original jurisdiction of the -State of Iowa, the District Court of Polk County, announced a contrary construction of the trust, and thereafter the Eighth Circuit held that despite its own prior decision it was required, under the decision of the Supreme Court in Freuler v. Helvering, infra, to follow the holding of the state court. The Circuit Court of Appeals for the Eighth Circuit stated in part :
If it were open, to us in this case to- construe this trust agreement, we would see no reason to change the views and conclusions stated in the earlier case. Petitioner contends that we have no such freedom, but are bound to accept a contrary construction announced by the District Court of the state of Iowa in and for Polk County, entered July 10, 1931 (since our opinion in the above case). We think this contention ruled in favor of petitioner by the above case of John Freuler, Adm., v. Guy T. Helvering, Commissioner, decided by the Supreme Court, since submission of this case. In respondent’s brief in this case is the statement: “ This identical question is now before the Supreme Court in John Freuler, Administrator of the Estate of Louise P. V. Whitcome, v. Guy T. Helvering, * * * " We are not able to distinguish the two cases.
In Hubbell v. Helvering, supra, the Circuit Court of Appeals for the Eighth Circuit reversed the decision of the Board in F. C. Hubbell, 27 B. T. A. 814, upon this very issue. The Board’s decision was based upon the case of Commissioner v. Freuler, 62 Fed. (2d) 733, which was reversed by the Supreme Court in Freuler v. Helvering, infra, prior to this decision of the Circuit Court of Appeals for the Eighth Circuit.
In Freuler v. Helvering, 291 U. S. 35, the Supreme Court held that, in determining the amount of the income taxable to beneficiaries of a trust under the provisions of section 219 of the Revenue Act of 1921, the decision of a court of the State of California having jurisdiction of the trust in an action brought by the trustee for approval of his account is binding. While the Supreme Court held that the holding of the California court constituted an “ order governing the *1203 distribution ” of the income within the meaning of section 219 of the Revenue Act of 1921, it also held that it constituted an adjudication of the property rights of the beneficiaries which must be considered in determining the Federal income tax liability of the beneficiaries. The Supreme Court stated in part:
Moreover, tlie decision of that court, until reversed or overruled, establishes the law of California respecting distribution of the trust estate. It is none the less a declaration of the law of the state because not based on a statute, or earlier decisions. The rights of the beneficiaries are property rights and the court has adjudicated them. What the law as announced by that court adjudges distributable is, we think, to be so considered in applying section 219 of the Revenue Act of 1921.
It is well settled that the decision of a state court of competent jurisdiction upon property rights, as between the parties to the proceeding in the state court, is conclusive upon the Federal courts until it is reversed or overruled, Freuler v. Helvering, supra; Utterhart v. United States, 240 U. S. 598; Hubbell v. Helvering, supra; and Commissioner v. Field, 42 Fed. (2d) 820, affirming Marshall Field, 15 B. T. A. 718, and in accordance with the above authorities, which are here closely in point, we hold that the decree of the Superior Court of Cook County, Illinois, entered pursuant to the decision of the Appellate Court of Illinois, First District, adjudicating that the testamentary trust in question herein is not a spendthrift trust and that the assignments in question are valid, is binding upon us.
As in the case of Freuler v. Helvering, supra, there is no showing in the instant proceeding that the proceedings in the state courts were collusive or that the decision or decree of the state courts was entered by consent.
Our holding is not inconsistent with the holding of the Seventh Circuit in Commissioner v. Blair, supra, for the reason, as stated above, that the situation is different here, there having been a subsequent decision of the Appellate Court of Illinois construing the subject matter involved. Hubbell v. Helvering, supra.
Our attention has been called tO' the following provision of the statutes of Illinois:
Opinions. See. 17. All opinions or decisions of said court [Appellate Court] upon the final hearing of any cause, shall be reduced to writing by the court, briefly giving therein the reasons for such opinion or decision, and he filed in the cause in which rendered: Provided, that such opinion shall not be of binding authority in any cause or proceeding, other than in that in which they may he filed. (Cahill’s Revised Statutes of Illinois, 1933, Ch. 37, ¶ 49.) [Emphasis supplied.]
As we interpret this statute it means that any opinion or decision of an Appellate Court of Illinois shall not be binding as a precedent in any other proceeding, but it does not mean that it shall not be binding upon the parties to the particular proceeding. It expressly *1204 contemplates that such opinion or decision shall be binding on such parties. See Chapman v. Northern Trust Co., 296 Ill. 253; 129 N. E. 836, decided February 15, 1926. This Illinois statute has been in effect since as early as 1885.
In passing, we observe that, under the decision of the Illinois Appellate Court and resultant decree of the. Superior Court, the petitioner can never recover the amounts paid under the assignment in question and the trustees must continue to pay the assignees; and, as will be hereinafter qjointed out, the amounts paid were never income to the petitioner.
We have not overlooked the decision of the District Court for the Eastern District of Illinois in Hall v. Main, 34 Fed. (2d) 528, wherein it was stated by way of dictum that since the statutes of Illinois provide that the decisions of the Appellate Court shall not be accepted as binding precedents they can not be accepted by the Federal courts as determinative of the law of the state. Hall v. Main, supra, grew out of a bankruptcy proceeding and it was properly held by the United States District Court that the decision of an Appellate Court of Illinois with respect to the sale of some of the assets of the bankrupt was not binding upon the bankruptcy court, since the trustee in bankruptcy was not a party to that proceeding. Hall v. Main, supra, was affirmed by the United States Circuit Court of Appeals for the Seventh Circuit in Main v. Hall, 41 Fed. (2d) 715, and such was the reason given by the Circuit Court for holding that the Illinois Appellate Court decision did not affect the determination of the bankruptcy court. The Circuit Court pointed out that the bankruptcy court had jurisdiction to pass on the question decided by the Appellate Court. It may be added that the Board’s jurisdiction is limited here to redetermining the correct deficiency in tax and does not embrace the authority to try or decide upon the title to property. This case is clearly distinguishable from tho instant proceedings.
We turn then to a consideration of the question of whether the petitioner, by the assignments in question, assigned future income or a present interest in property. This question was not passed upon by the Seventh Circuit in Commissioner v. Blair, supra. The court there specifically stated:
Inasmuch as we hold that respondent had no power to alienate the properly in controversy, it becomes unnecessary to decide whether the income attempted to be alienated is future income or a present interest in property.
In Edward T. Blair, supra, we held that the petitioner, by virtue of the three original assignments involved herein, assigned portions of his trust estate and held that the petitioner was not taxable upon the income accruing thereafter to the assignees. The remainder of the assignments involved in the instant proceedings are either merely *1205 supplemental to or substantially the same as those three. The Board has thus passed upon this very phase oí the question involved in the instant proceedings and we adhere to our holding therein that the assignments relieved the petitioner of tax liability upon the income accruing to the assignees under all of the assignments. As pointed out the Circuit Court of Appeals for the Seventh Circuit in Commissioner v. Blair, supra, did not pass upon- or reverse the Board on this phase of the question which was involved in Edward T. Blair, supra; it expressly left it open. The instant proceedings, in so far as this phase of our question is concerned, are quite similar to Marshall Field, supra, followed by the Board in Edward T. Blair, supra, and affirmed by the United States Circuit Court of Appeals for the Second Circuit in Commissioner v. Field, supra. The following cases, involving circumstances more or less similar, also sustain our conclusion herein in this respect. Eugene Siegel, Executor, 20 B. T. A. 563; petition to review dismissed by the United States Circuit Court of Appeals for the Sixth Circuit on October 6, 1931; Copland v. Commissioner, 41 Fed. (2d) 501; Rosenwald v. Commissioner, 33 Fed. (2d) 423; certiorari denied, 280 U. S. 599; Shellabarger v. Commissioner, 38 Fed. (2d) 566; Nelson v. Ferguson, 56 Fed. (2d) 121; certiorari denied, 286 U. S. 565; and Hall v. Burnet, 54 Fed. (2d) 443; certiorari denied, 285 U. S. 552.
It is contended by the petitioner that the respondent erred in computing the 1925 income of the trust distributable to the petitioner in not allowing to the trust a deduction in the amount of $11,619.46, being the total of the amounts paid in 1925 as commissions and legal fees in leasing certain properties belonging to the trust. It is alleged in the petition that the respondent allowed only $162.51 of this as a deduction in the year 1925. This action of the respondent was correct. It is well settled that such expenditures are capital expenditures, which are not deductible in their entirety in the year in which paid out but are deductible .pro rata over the term of the lease. Roby Realty Co., 19 B. T. A. 696; petition to review dismissed by the Eighth Circuit, 62 Fed. (2d) 1079; 950 Park Avenue Corporation, 20 B. T. A. 288; Mary C. Young, 20 B. T. A. 692; a fid., Young v. Commissioner, 60 Fed. (2d) 715; certiorari denied, 287 U. S. 652; and Bonwit Teller & Co., 17 B. T. A. 1019; affd., Bonwit Teller & Co. v. Commissioner, 53 Fed. (2d) 381; certiorari denied, 284 U. S. 690. The petitioner does not allege that the respondent failed to allow the proper deduction in this respect in the year 1926. The respondent’s determination in these respects as to the years 1925 and 1926 is approved. The petitioner does allege, however, that the respondent erred in failing to allow as a deduction from the amount distributable to him in 1929 frota the trust an amount of $762.57, being a part of the sum of $17,619.46 paid out *1206 by the trustees in 1925 as commissions and legal fees incident to the execution of the leases. From the record we can not determine that the respondent did not allow a proper deduction as to this in 1929. However, if such a proper deduction has not been allowed, adjustment will be made under Rule 50.
In computing the net income distributable to the petitioner from the trust in 1929 the respondent allowed as a deduction only a pro rata portion of the amount of $5,580 which was paid in that year as commissions to a real estate broker for the execution of a lease on property belonging to the trust. This the petitioner alleges was error. However, for the reason stated above, we sustain this holding of the respondent.
The parties have stipulated that of the amount of $10,000 paid by the trustees in 1929 upon the property at 608 South Michigan Avenue, the amount of $5,000 was for improvements to the building-having a probable useful life equal to the term of the 10-year lease, that such amount should be spread over the remaining period of the lease, and that the remaining $5,000 was payment for ordinary repairs to the building, which amount is deductible in 1929. Adjustment will be made accordingly under Bule 50.
Reviewed by the Board.

Decision, will be entered under Rule 50.

Sea well dissents.