## BELL'S ESTATE v. COMMISSIONER OF INTERNAL REVENUE.

## BELL v. COMMISSIONER OF INTERNAL REVENUE.

### Nos. 12484, 12485.

Circuit Court of Appeals, Eighth Circuit.

Aug. 4, 1943.

Albert L. Hopkins, of Chicago, Ill. (Anderson A. Owen, Harry D. Orr, Jr., and Samuel H. Horne, all of Chicago, Ill., on the brief), for petitioners.

L. W. Post, Sp. Asst. to the Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, Sp. Asst. to the Atty. Gen., on the brief), for respondent.

Before SANBORN, WOODROUGH, and RIDDICK, Circuit Judges.

SANBORN, Circuit Judge.

The question for decision is whether, under the Revenue Act of 1936, the consideration received by the life beneficiary of a trust for the transfer of the life interest to the remainderman was ordinary income or was capital.

The facts are agreed to and are as stated in the opinion of the Board of Tax Appeals (now the Tax Court of the United States), 46 B.T.A. 484. It is unnecessary to restate them in detail.

Frederic Somers Bell (now deceased) and Frances Laird Bell, husband and wife, of Winona, Minnesota, on April 28, 1932, each created a trust. The corpus of each trust consisted of 550 shares of the common stock of the Thorncroft Company. The trustees of the Frederic S. Bell trust were Laird Bell, George R. Little, and Willard L. Hillyer. The trustees of the Frances L. Bell trust were Laird Bell, George R. Little, and Frederic S. Bell. Laird Bell is the son of the grantors of the trusts. The trust agreement executed by Frederic S. Bell provided: "The Trustees shall pay to Frances Laird Bell, wife of the Grantor, during her lifetime, the entire net income of the Trust Estate. Upon her death, the Trustees shall pay, deliver, and convey the Trust Estate to Laird Bell, son of the Grantor."

The trust agreement executed by Frances L. Bell provided: "The Trustees shall pay to Frederic Somers Bell, husband of the Grantor, during his lifetime, the entire net income of the Trust Estate. Upon his death, the Trustees shall pay, deliver, and convey the Trust Estate to Laird Bell, son of the Grantor." The shares of stock constituting the corpus of each trust were

transferred to the trustees. On February 1, 1936, Frederic S. Bell assigned to Laird Bell "all his [Frederic S. Bell's] right, title and interest in, to and under the trust property held by George R. Little, Frederic Somers Bell and Laird Bell, as Trustees under trust agreement between Frances L. Bell and said Trustees, dated April 28, 1932, in consideration of the receipt of $104,349.26 [cash and securities], paid as hereinafter stated, the receipt whereof is hereby acknowledged." On the same day, Frances L. Bell assigned to Laird Bell "all her right, title and interest, in, to and under the trust property held by Laird Bell, George R. Little and Willard L. Hillyer, as Trustees under trust agreement between Frederic S. Bell and said Trustees, dated April 28, 1932, in consideration of the receipt of $93,060.87 [cash and securities] (being 16.57144% of the agreed value of the trust property), paid as hereinafter stated, the receipt whereof is hereby acknowledged." The consideration delivered by Laird Bell to each of the life beneficiaries represented the value, at the time of the assignments, of their respective life interests, apparently computed upon the basis of a 4% yield on the agreed value of the trust corpus for the life expectancy of each of the life beneficiaries. Laird Bell, having then acquired absolute title to the corpus of each of the trusts, received the trust assets, and the trusts were terminated. In his income tax return for each subsequent year, Laird Bell included the income from the former trust assets.

Frederic S. Bell and Frances L. Bell, in the belief that the consideration which they had received from Laird Bell for the life interests conveyed to him represented the proceeds of a sale of capital assets,[1] made their respective income tax returns for the year 1936 upon that basis, the return of each of them showing a small capital gain resulting from the sale. The Commissioner of Internal Revenue ruled that the entire consideration received by the life beneficiaries was income under § 22(a) of the Revenue Act of 1936, 49 Stat. 1648[2]. The Board of Tax Appeals affirmed the Commissioner, and the decision of the Board is now before this Court for review.

The Commissioner contends that the consideration received by the life beneficiaries for their respective life interests was in reality an advance payment of future income of the trusts during their life expectancies, and was taxable as ordinary income, even if the son, who acquired the interests, is required to include in his returns all income received by him from the former trust assets. This contention is based mainly upon the opinion of the Supreme Court in Hort v. Commissioner, 313 U.S. 28, 61 S.Ct. 757, 85 L.Ed. 1168, in which it was held that the amount received by a lessor from a lessee as consideration for the cancellation of a lease was, in effect, a substitute for the future rents reserved in the lease, and was therefore income and not a return of capital. However, there was no transfer of any interest in the lease or of any property involved in that case. The court said (page 32 of 313 U.S., page 759 of 61 S.Ct., 85 L.Ed. 1168): " * * * The cancellation of the lease involved nothing more than relinquishment of the right to future rental payments in return for a present substitute payment and possession of the leased premises."

If the parents of Laird Bell, instead of creating these trusts in 1932, had transferred the stock in the Thorncroft Company to him in consideration of his agreement to pay to each of them annually a certain sum for life, and if, in 1936, he had purchased from them releases of his obligations to make further annual payments, the consideration received by them in 1936 would unquestionably have been income,

---

[1] Revenue Act of 1936, 49 Stat. 1648, 26 U.S.C.A. Int.Rev.Acts, page 873.

"Sec. 117. Capital Gains and Losses

\* \* \* \* \*

"(b) Definition of capital assets. For the purposes of this title, 'capital assets' means property held by the taxpayer (whether or not connected with his trade or business) \* \* \*."

[2] Revenue Act of 1936, 49 Stat. 1648, 26 U.S.C.A. Int.Rev.Acts, page 825.

"Sec. 22. Gross Income

"(a) General Definition. 'Gross income' includes gains, profits, and income derived from salaries, wages, or compensation for personal service, of whatever kind and in whatever form paid, or from professions, vocations, trades, businesses, commerce, or sales, or dealings in property, whether real or personal, growing out of the ownership or use of or interest in such property; also from interest, rent, dividends, securities, or the transaction of any business carried on for gain or profit, or gains or profits and income from any source whatever. \* \* \*"

under the ruling in the Hort case. But that is not the situation here.

If the case of Blair v. Commissioner, 300 U.S. 5, 57 S.Ct. 330, 81 L.Ed. 465, is still the law, the decision of the Board will, in our opinion, have to be reversed. Blair was the life beneficiary of a testamentary trust. He assigned to his children portions of the net trust income which he was entitled to receive. The Commissioner ruled that, notwithstanding the assignments, the entire income of the trust continued to be taxable to Blair. The question presented to the Board of Tax Appeals, on petition to review, was "whether the petitioner, by the assignments in question, assigned future income or a present interest in property." Blair v. Commissioner, 31 B.T.A. 1192, 1204. The Board ruled that he had assigned a present interest in property, and was not liable for taxes on income accruing to the assignees under the assignments. The Board said (at page 1205 of 31 B.T.A.): " * * * The instant proceedings, in so far as this phase of our question is concerned, are quite similar to Marshall Field [v. Commissioner], supra [15 B.T.A. 718], followed by the Board in Edward T. Blair [v. Commissioner], supra, [18 B.T.A. 69], and affirmed by the United States Circuit Court of Appeals for the Second Circuit in Commissioner v. Field, supra, [42 F.2d 820]. The following cases, involving circumstances more or less similar, also sustain our conclusion herein in this respect. Eugene Siegel, Executor [v. Commissioner], 20 B.T.A. 563; petition to review dismissed by the United States Circuit Court of Appeals for the Sixth Circuit on October 6, 1931; Copland v. Commissioner, [7 Cir.], 41 F.2d 501; Rosenwald v. Commissioner, [7 Cir.], 33 F.2d 423; certiorari denied, 280 U.S. 599, [50 S.Ct. 69, 74 L.Ed. 644]; Shellabarger v. Commissioner, [7 Cir.], 38 F.2d 566; Nelson v. Ferguson, [3 Cir.], 56 F.2d 121; certiorari denied, 286 U.S. 565, [52 S.Ct. 646, 76 L.Ed. 1297]; and Hall v. Burnet, [60 App.D.C. 332], 54 F.2d 443, [83 A.L.R. 86]; certiorari denied, 285 U.S. 552, [52 S.Ct. 408, 76 L.Ed. 942]."

The Circuit Court of Appeals for the Seventh Circuit, upon review, reversed the Board's decision. Commissioner v. Blair, 83 F.2d 655. That court, after an analysis of the relevant authorities, stated its conclusion as follows (at page 662 of 83 F.2d):

"The question is not one of the validity of the assignments but for the purpose of determining income tax liability it is one involving the date when the income became transferable. This question turns upon whether the assignor had such an interest in the corpus of the trust as to permit of its transfer or whether the assignor's interest was separate from the property and limited to the income which accrued from year to year.

"The latter seems to be the situation. The testator made an income provision for his son. It was in the trustees' hands beyond the reach of the son's creditors. The son could not create obligations enforceable against it. Upon the son's death the said income ceased. It passed to either his children or to the heirs of the testator or in part to the widow of the son, depending upon survivorship, etc. The income passed to them not by act of the son, but by the testamentary trust provision of the testator. The son's interest was therefore not in any way attached to the corpus of the estate that produced the income. The income was not even subject to his disposition until he received it. The attempted assignment to his children was in legal effect merely a direction to the trustees to pay to his children, out of the income due to him, various specified amounts each year. It does not militate against the conclusion that the income was his, and was due to him. While he could authorize the trustees to deliver to another what was due to him, it was not deliverable until it was his to dispose of."

The Supreme Court, on certiorari, in a unanimous opinion (Blair v. Commissioner, 300 U.S. 5, 57 S.Ct. 330, 81 L.Ed. 465), reversed the decision of the Circuit Court of Appeals, and affirmed that of the Board. The Supreme Court said (at pages 13, 14, of 300 U.S., at pages 333, 334, of 57 S.Ct., 81 L.Ed. 465):

"The will creating the trust entitled the petitioner during his life to the net income of the property held in trust. He thus became the owner of an equitable interest in the corpus of the property. Brown v. Fletcher, 235 U.S. 589, 598, 599, 35 S.Ct. 154, 157, 59 L.Ed. 374; Irwin v. Gavit, 268 U.S. 161, 167, 168, 45 S.Ct. 475, 476, 69 L.Ed. 897; Senior v. Braden, 295 U. S. 422, 432, 433, 55 S.Ct. 800, 79 L.Ed. 1520, 100 A.L.R. 794; Merchants' Loan & Trust Co. v. Patterson, 308 Ill. 519, 530, 139 N.E. 912. By virtue of that interest he was entitled to enforce the trust, to have a breach of trust enjoined and to obtain redress in case of breach. The interest was present property

alienable like any other, in the absence of a valid restraint upon alienation. Commissioner v. Field, 2 Cir., 42 F.2d 820, 822; Shanley v. Bowers, 2 Cir., 81 F.2d 13, 15. The beneficiary may thus transfer a part of his interest as well as the whole. See Restatement of the Law of Trusts, §§ 130, 132 et seq. The assignment of the beneficial interest is not the assignment of a chose in action but of the 'right, title, and estate in and to property.' Brown v. Fletcher, supra; Senior v. Braden, supra. See Bogert, Trusts and Trustees, vol. 1, § 183, pp. 516, 517; 17 Columbia Law Review, 269, 273, 289, 290.

"We conclude that the assignments were valid, that the assignees thereby became the owners of the specified beneficial interests in the income, and that as to these interests they and not the petitioner were taxable for the tax years in question."

There can be no question that in Blair v. Commissioner, supra, the Supreme Court ruled that assignments of life interests such as those here involved are transfers of interests in the trust assets, and are not merely assignments of income. The Commissioner, however, in seeking for a distinction between that case and these cases, says in his brief: "It is true that in Blair v. Commissioner, supra, it was held that the assignment of the right to receive trust income during the life of the assignor carried with it such a property interest in the fund that the transferee and not the transferor was taxable upon future income. But there the assignments were by way of gift and there was no question such as here presented with respect to the taxability of the consideration. As pointed out by the Board of Tax Appeals and as hereinabove indicated, that question is answerable by reference to the Hort case, Hort v. Commissioner, 313 U.S. 28, 61 S.Ct. 757, 85 L. Ed. 1168, where the Court expressly held that simply because the lease was 'property' the amount received for its cancellation was not a return of capital. Similarly, simply because the life interests here may have been property within the scope of the Blair case, it does not follow that the amounts received by the transferors did not constitute ordinary income to them. It is submitted that those amounts were ordinary income in the same sense as prepaid rentals, interest or salaries are ordinary income."

The Supreme Court, in the cases of Helvering v. Horst, 311 U.S. 112, 118, 119, 61 S.Ct. 144, 85 L.Ed. 75, 131 A.L.R. 655, and Harrison v. Schaffner, 312 U.S. 579, 582, 61 S.Ct. 759, 85 L.Ed. 1055, has referred to its decision in Blair v. Commissioner, supra. In Helvering v. Horst, the question was whether a gift, during the donor's taxable year, of interest coupons which were detached from bonds and delivered to the donee shortly before their maturity and which were later in the year paid to the donee, was income taxable to the donor. In speaking of Blair v. Commissioner, supra, the court said in the Horst case (at pp. 118, 119 of 311 U.S., at page 148 of 61 S.Ct., 85 L.Ed. 75, 131 A.L.R. 655): " * * * In the circumstances of that case the right to income from the trust property was thought to be so identified with the equitable ownership of the property from which alone the beneficiary derived his right to receive the income and his power to command disposition of it that a gift of the income by the beneficiary became effective only as a gift of his ownership of the property producing it. Since the gift was deemed to be a gift of the property the income from it was held to be the income of the owner of the property, who was the donee, not the donor, a refinement which was unnecessary if respondent's contention here is right, but one clearly inapplicable to gifts of interest or wages."

A majority of the court ruled that the donor had assigned income and not an interest in income-producing property. Three Justices (including Chief Justice Hughes, the author of the opinion in Blair v. Commissioner, supra) dissented, stating that "The general principles approved in Blair v. Commissioner, 300 U.S. 5, 57 S.Ct. 330, 81 L.Ed. 465, are applicable and controlling" (at p. 122 of 311 U.S. at page 149 of 61 S.Ct., 85 L.Ed. 75, 131 A.L.R. 655). The same Justices also dissented, for the same reasons, in Helvering v. Eubank, 311 U.S. 122, 61 S.Ct. 149, 85 L.Ed. 81, which held that, notwithstanding an assignment by a general agent of a life insurance company of his right to future renewal commissions, the commissions remained his income for purposes of taxation. The Circuit Court of Appeals of the Second Circuit had held in the Eubank case (Eubank v. Commissioner, 110 F.2d 737) that the assignment of the right to the future renewal commissions by the assignor was an assignment of a property right and not of income, relying in part upon Blair v. Commissioner, supra.

In Harrison v. Schaffner, 312 U.S. 579 61 S.Ct. 759, 85 L.Ed. 1055, a life beneficiary of a trust had assigned to her children specified amounts in dollars from her trust income for the year following the assignment. The trustees paid these amounts to the assignees. The Supreme Court, in its opinion holding that the amounts, for tax purposes, remained the income of the assignor, said with respect to Blair v. Commissioner, supra (at p. 582 of 312 U.S., at page 761 of 61 S.Ct., 85 L. Ed. 1055): " * * * It is true, as respondent argues, that where the beneficiary of a trust had assigned a share of the income to another for life without retaining any form of control over the interest assigned, this Court construed the assignment as a transfer in praesenti to the donee, of a life interest in the corpus of the trust property and held in consequence that the income thereafter paid to the donee was taxable to him and not the donor. Blair v. Commissioner, supra. But we think it quite another matter to say that the beneficiary of a trust who makes a single gift of a sum of money payable out of the income of the trust does not realize income when the gift is effectuated by payment, or that he escapes the tax by attempting to clothe the transaction in the guise of a transfer of trust property rather than the transfer of income where that is its obvious purpose and effect."

The Supreme Court has not, expressly or by implication, overruled or modified its decision in Blair v. Commissioner, supra. The assignments in Helvering v. Horst, supra, Helvering v. Eubank, supra, and Harrison v. Schaffner, supra, are distinguishable from the assignments involved in Blair v. Commissioner, supra, and from the assignments involved in the instant cases. The Supreme Court has made the distinction,[3] and it is not for this Court to unmake it. We have already pointed out that Blair v. Commissioner does not conflict with Hort v. Commissioner, 313 U.S. 28, 61 S.Ct. 757, 85 L.Ed. 1168, which involved the extinguishment of a contractual right to future rentals, and not an assignment of an interest in property. See Shuster v. Helvering, 2 Cir., 121 F.2d 643, 645.

■ Our conclusion is that in 1936 Frederic S. Bell and Frances L. Bell did not sell to Laird Bell income or naked rights to receive income, but sold to him life interests in trust property, and that the considerations received by them were not ordinary income, taxable as such, but were the proceeds of sales of capital assets.

■ Since the Board was of the opinion that the consideration received by each of the life beneficiaries was ordinary income, it expressed no opinion as to the proper basis for determining the amount of capital gain, if any. The parties are not in accord upon that question, and we are asked to decide it. We think the question should first be determined by the Tax Court. See Hormel v. Helvering, 312 U.S. 552, 556, 61 S.Ct. 719, 85 L.Ed. 1037.

The decision of the Board is reversed, and the cases are remanded for further proceedings not inconsistent herewith.

Before SANBORN, WOODROUGH, and RIDDICK, Circuit Judges.

WOODROUGH, Circuit Judge (dissenting).

The duty to record minority opinion when it exists is especially urgent in the tax cases and not to be avoided because the questions are close or because of great respect for the opinion of associates. The decisions are of wide interest and are

---

[3] In Pearce v. Commissioner, 315 U.S. 543, at page 554, 62 S.Ct. 754, at page 760, 86 L.Ed. 1016, the Supreme Court said, referring to Helvering v. Horst, Helvering v. Eubank, and Harrison v. Schaffner: " * * * Those cases dealt with situations where the taxpayer had made assignments of income from property. He was held taxable on the income assigned by reason of the principle 'that the power to dispose of income is the equivalent of ownership of it and that the exercise of the power to procure its payment to another, whether to pay a debt or to make a gift, is within the reach' of the federal income tax law. Harrison v. Schaffner, supra, 312 U.S. at page 580, 61 S.Ct. at page 760, 85 L.Ed. 1055. But in those cases the donor or grantor had 'parted with no substantial interest in property other than the specified payments of income.' Id. 312 U.S. at page 583, 61 S. Ct. at page 762, 85 L.Ed. 1055. Here he has parted with the corpus. And 'the tax is upon income as to which, in the general application of the revenue acts, the tax liability attaches to ownership.' Blair v. Commissioner, 300 U.S. 5, 12, 57 S.Ct. 330, 333, 81 L.Ed. 465." See, also, Helvering v. Stuart, 317 U.S. 154, 168, 63 S.Ct. 140, 87 L.Ed. ——.

often embodied in general regulations. It may be some indication of close questions in this case that there was very positive dissent from the majority opinion below, and I find myself under the necessity of dissenting from the majority opinion here. I think that the ruling in Hort v. Commissioner, 313 U.S. 28, 61 S.Ct. 757, 85 L. Ed. 1168, is applicable and controlling in this case rather than that in Blair v. Commissioner, 300 U.S. 5, 57 S.Ct. 330, 81 L. Ed. 465, and that implications fairly to be drawn from Helvering v. Horst, 311 U.S. 112, 61 S.Ct. 144, 85 L.Ed. 75, 131 A.L.R. 655; Helvering v. Eubank, 311 U.S. 122, 61 S.Ct. 149, 85 L.Ed. 81; Harrison v. Schaffner, 312 U.S. 579, 61 S.Ct. 759, 85 L. Ed. 1055; and Hort v. Commissioner, 313 U.S. 28, 61 S.Ct. 757, 85 L.Ed. 1168, lend support to the decision below. I would affirm.