Estate of J. Leroy Nickel, Jr., Deceased, Gladys W. Nickel, Executrix, and Gladys W. Nickel, Surviving Wife v. Commissioner.
Estate of Nickel v. Commissioner
Docket No. 89927.
United States Tax Court
T.C. Memo 1962-55; 1962 Tax Ct. Memo LEXIS 255; 21 T.C.M. (CCH) 300; T.C.M. (RIA) 62055; March 15, 1962
Czar S. Winters, Esq., 1101 Balfour Bldg., 351 California St., San Francisco, Calif., and Harold *256 C. Faulkner, Esq., for the petitioners. Cyrus A. Johnson, Esq., for the respondent. OPPER
Memorandum Findings of Fact and Opinion OPPER, Judge: Respondent has determined deficiencies in petitioners' income tax for the years 1955 and 1956 in the amounts of $82,977.36 and $65,537.68, respectively. The issues remaining for decision are (1) whether a transfer in 1955 of decedent's life interest in a portion of a trust in settlement of litigation was effective for tax purposes and, if so, (2) whether petitioners are entitled to deduct the value of the asset transferred as an expense or loss incurred in the conduct of decedent's trade or business under sections 162 and 165 of the 1954 Code and to carry forward a net operating loss to 1956 under section 172 of the 1954 Code. Findings of Fact The stipulated facts are hereby found accordingly. Petitioners are the estate of J. Leroy Nickel, Jr., deceased, Gladys W. Nickel, executrix, and Gladys W. Nickel, surviving wife. J. Leroy Nickel, Jr. (hereinafter called decedent) was born on May 21, 1895, and died at San Francisco, California, a resident thereof, on May 28, 1959. Joint income tax returns in the names of decedent *257 and Gladys W. Nickel for the years 1955 and 1956 were filed on the respective dates of April 16, 1956, and April 15, 1957, with the district director of internal revenue, San Francisco, California. Decedent was one of three life beneficiaries of trusts established by Henry Miller, decedent's grandfather (hereinafter called Miller). By will dated April 17, 1913, and by deed of trust dated April 17, 1913, Miller transferred to his daughter, Nellie Miller Nickel, decedent's mother, and to her husband, J. Leroy Nickel, decedent's father, as trustees, all of the shares of the capital stock of Miller & Lux, Incorporated, and additional property. Miller & Lux, Incorporated, was a company of considerable magnitude dealing at various times in cattle, grazing land, farm land, water rights, and mineral rights. After many gifts to various individuals and charities, income from the corpus of the trusts was to be paid to decedent's mother and father until the death of the survivor. Upon the death of decedent's mother and father, income was to be shared equally by their children and the issue of any deceased child, per stirpes, during the lives of such children as were living at Miller's death. *258 Three children were born to the mother and father, all of whom were living at the time of Miller's death, George W. Nckel (hereinafter called George), decedent, and Beatrice Nickel Morse (hereinafter called Beatrice). The deed of trust and Miller's will contained the following common proviso concerning the interests of George, decedent, and Beatrice: Provided, however, that the share hereby directed to be paid to the children of the said Nellie Miller Nickel and J. Leroy Nickel shall be paid to them personally, and not to another, and the same shall never be transferred or hypothecated by them, nor shall the same ever become subject to the claims of creditors of said children, or any of them; and if at any time by reason of any assignment, bankruptcy, insolvency, attachment, or other means, the share of any of said children should become subject to the claims of any third person, the share of such child shall cease and terminate, and shall be paid to the other of said children and their issue * * *. [The] provision herein made for the sons * * * is made on the express condition that before the same, or any part thereof, is paid to them they shall be sober and industrious, and *259 shall have entered upon some useful and honorable business or calling, and if at any time, either before or after said income is first paid to said sons, any of them proved lacking in these qualities, said trustees shall withhold said share from such son until such time as he has satisfied this condition, and in the meantime the share of said son shall be paid to the other of said children and their issue, as hereinafter provided. During any period while said income is being withheld from any of said children for the reasons last above mentioned said trustees shall pay to such child for his support and maintenance the sum of two hundred and fifty (250) dollars per month. Upon the death of any of said children, leaving issue born in lawful wedlock them surviving, the share of said child shall be paid to such issue, but if such child leave no lawful issue, the share of said child shall go to the other of said children and issue of any deceased child per stirpes and not per capita. Miller died on October 14, 1916. Decedent's father died on June 17, 1937, and his mother on July 31, 1944. Commencing on July 31, 1944, and continuing until the time of his death, May 28, 1959, decedent was *260 one of the lifetime beneficiaries of the trust. During the period 1920 through 1942, no distributions were made from the Miller trust to any of the designated life beneficiaries. Decedent held the following position in Miller & Lux, Incorporated, for the periods indicated: Position
Period
Director
Dec. 29, 1920 to July 20, 1954
Vice President
Nov. 1925 to Oct. 1940
President
Oct 3, 1940 to July 22, 1954
Member, Manage-
ment Committee
Oct. 18, 1935 to Oct. 3, 1940 In addition, decedent was one of the trustees of the trust from December 1920 until June 1954. Decedent was the chief executive officer of Miller & Lux. He was responsible for generally managing the affairs of the corporation and received a salary as officer and director. The trustees were all directors of the corporation and, as sole stockholders of Miller & Lux, elected the other directors. Decedent received no compensation or salary as trustee. On June 13, 1954, an action entitled "Complaint for Removal of Trustees, for Appointment of New Trustees, and for Other Relief" was commenced by the remaindermen beneficiaries of the trust in the Superior Court of the State of California in and for the *261 City and County of San Francisco, which named decedent as one of the parties defendant. In this State court action it was alleged that decedent, as one of the trustees of the trust, was unfit to execute the said trust, that any payments of income to decedent from the trust were unauthorized, and that decedent conspired with, among others, C. E. Houchin and R. H. Anderson to defraud Miller & Lux. The plaintiffs in this action asked the court for the following relief: (1) An order restraining the defendant trustees from taking any further action with regard to the trust, pending a hearing on an order for these defendants to show cause why they should not be removed; (2) The appointment of a receiver for Miller & Lux and its subsidiaries; (3) Such action as is necessary to preserve the corpus of the trust and appoint new trustees; (4) That an accounting be had of the trusteeship of said defendant trustees and that the trustees be surcharged in such amounts as said accounting should reveal the trustees to be liable to the trust; (5) That decedent pay and return to the trust the income received by him as a life tenant since the death of his mother in 1944. On July 19, 1954, the *262 Superior Court of the State of California in and for the City and County of San Francisco ordered that Miller & Lux retain the decedent, at the compensation previously paid to him, as an employee but not as an officer or director of the corporation. On September 10, 1954, an action entitled "Complaint for Damages and Restitution" was commenced in the United States District Court in and for the Northern District of California, Southern Division, by Miller & Lux, in which action decedent and the estate of C. E. Houchin were listed as two of the parties defendant. During his lifetime, C. E. Houchin had served as a sales agent for land being sold by Miller & Lux. In this action it was alleged that decedent and Houchin, among others, conspired to defraud Miller & Lux; that decedent violated his fiduciary duties to Miller & Lux; and that, during their tenures as officer and agent, respectively, of Miller & Lux, decedent and Houchin defrauded Miller & Lux by conveying corporate lands to themselves or to other persons with arrangements for secret trusts in and on their behalf or to corporations in which they, or some of them, were interested and for considerations which were not adequate, *263 the purpose and consequence of which was to damage Miller & Lux by depriving it of valuable properties, and especially lands with oil and hydrocarbon values. The plaintiff, Miller & Lux, asked for the following relief: (1) That the defendants be decreed constructive trustees of the properties of plaintiff; (2) That the defendants transfer back to the corporation any properties, profits and income, and proceeds therefrom which were held by the defendants subject to these constructive and involuntary trusts; (3) That each of the defendant fiduciaries, and the personal representatives of the decedent fiduciaries, be required to account to Miller & Lux for all secret profits realized by the fiduciaries at the expense of Miller & Lux; (4) That, in the event the properties of Miller & Lux, and profits and income therefrom have been transferred as alleged, Miller & Lux have judgment against the defendants, and each of them in the amount of $100,000,000. By a settlement agreement dated November 17, 1954, the estate of C. E. Houchin was removed as a party defendant in the United States District Court action for damages and restitution. The estate of C. E. Houchin, in return for a *264 "Covenant Not To Sue and Covenant Not To Sue Further," transferred to Miller & Lux, as trustees for the interested parties, cash, stock in a closely held corporation, water rights, mineral rights, and land. It is stipulated that for the purposes of the instant case only, the value to Miller & Lux on November 30, 1955, of this anticipated recovery from the estate of C. E. Houchin was $5,466,319.14. Miller & Lux paid attorneys' fees amounting to 15 percent of the total recovery from the estate of C. E. Houchin. On November 29, 1954, an amendment to the State court action for removal of trustees, for appointment of new trustees and for other relief was filed, deleting the portion of the original complaint which asked that an accounting be had of the trusteeship of decedent; that he be surcharged in such amounts as said accounting should reveal him to be liable to the trust; and that a decree be made that the decedent pay and return to the trust the income received by him as a life tenant since the death of the mother in 1944. On November 30, 1955, decedent and the other descendants of Miller reached a settlement of the litigations between and among the family, embodied in a "Compromise *265 Agreement." The parties, including decedent, his nieces and nephews, brother and sister, and wife: (1) Agreed to be bound by the deed of trust of April 17, 1913; (2) Agreed to accept the resignation of the present trustees of the trust and directors of Miller & Lux and the appointment of new directors and trustees in their place; (3) Ratified the Houchin settlement of November 17, 1954, and a contract of August 3, 1954. (4) Decedent, George, and Beatrice relinquished any claim under "any theory of equitable conversion such as was advanced in a written opinion * * * dated August 9, 1955;" (5) The remaindermen agreed to effect a resumption of income payments from the trust to decedent, George, and Beatrice, such income in 1955 and 1956 to be paid for each such year to each of [the life beneficiaries] in the amount of $175,000.00, or in an amount as nearly approximate of said sum of $175,000.00 as is warranted by earnings and earned surplus available for such payments, and after the year 1956 such income is to be paid in accordance with the provisions of the aforementioned Deed of Trust; provided, however, that nothing herein shall be construed to sanction the payment of *266 any such income beyond any period specified in said Deed of Trust and, provided further, that it is expressly understood that the [decedent] shall receive no income attributable to any accretion to the Henry Miller Trust contemplated by the said contract dated August 3, 1954, between Miller & Lux Incorporated and C. Ray Robinson, nor shall the [decedent] participate, directly or indirectly or otherwise, in any recovery of any kind or character for the benefit of the Henry Miller Trust or any of its holdings (excepting such recovery or recoveries as may be made hereafter as a result of causes of action or claims accruing after the date of this agreement and based upon facts occurring after the date hereof) * * * (6) Decedent agreed to resign all positions of employment with Miller & Lux, and any of its subsidiaries; (7) Decedent and his wife agreed to execute a conveyance of a specific piece of property to Miller & Lux and C. Ray Robinson; (8) A covenant not to sue and not to sue further decedent and his wife, relative to the actions now pending between the parties to this compromise, was to be executed by the trustees of the trust and by Miller & Lux and its subsidiaries; *267 (9) Agreed to enter consent judgments in several State court proceedings between the parties. A final judgment in the State court action for removal of trustees, for appointment of new trustees and for other relief was filed as of December 1, 1955. This final judgment also applied to the State court actions concerning the appointment of trustees of the trust. This judgment "approved, ratified and confirmed" the compromise agreement of November 30, 1955, and enabled the trustees of said trusts to receive the money and property provided in the C. E. Houchin covenant not to sue dated November 17, 1954, and to ratify the compromise agreement between decedent and others. Pursuant to the compromise agreement, on December 19, 1955, decedent, the trust, and Miller & Lux, among other parties, entered into a covenant not to sue and covenant not to sue further, which stated in part: [Decedent], one of the second parties, is one of the lifetime beneficiaries in present enjoyment of the Henry Miller Trust, and, as such, is entitled to receive during the period of his natural life one-third of the income thereof in accordance with the provisions of the said Henry Miller Trust, there being *268 at the date hereof two other life tenants participating in the income of said trust in the same manner and to the same extent as said [decedent]; The parties agreed not to sue or sue further, it being expressly understood * * * that the said [decedent] shall receive no income attributable to any accretion to the Henry Miller Trust contemplated by the said contract dated August 3, 1954, between Miller & Lux and C. Ray Robinson, nor shall the said [decedent] participate, directly or indirectly or otherwise, in any recovery of any kind or character for the benefit of the Henry Miller Trust or any of its holdings (excepting such recovery or recoveries as may be made hereafter as a result of causes of action or claims accruing after the date of this agreement and based upon facts occurring after the date hereof) * * * On December 20, 1955, decedent was dismissed as a party defendant in the United States District Court action for damages and restitution. Decedent, in his 1955 and 1956 tax returns, claimed a capital gain, realized by the alleged assignment of a portion of his life interest in settlement of the litigation, deducted the proposed value of the transferred asset *269 as an expense incurred in his trade or business, and did not declare as income his aliquot share of trust income. Respondent determined the deficiency by including in income decedent's aliquot share of trust income, disallowed the deduction, and computed the deficiency without including the capital gain. Petitioner, in its petition, contends that the disallowance of the deduction was erroneous. Decedent's interest in the Houchin recovery had a present value at the time of the compromise agreement of one-third of the net value of the Houchin recovery after deduction of attorneys' fees, multiplied by that figure in respondent's regulations giving the present value [1] of a life interest for a person of decedent's age ($1,548,790.42 X.39679). Opinion We think petitioner must be sustained in its contention that decedent's relinquishment of any share in the Houchin recovery was an ordinary and necessary business expense and, as such, not only deductible in full in the year in which the transaction occurred, but also the proper subject of a net loss carryforward. Without attempting to decide whether *270 this was under California law a spendthrift trust, cf. Blair v. Commissioner, 300 U.S. 5 (1937), and even assuming that it was, there can be no question that decedent's creditors could effectively obtain his income interest for the balance of his life, Kelly v. Kelly, 11 Cal. 2d 356, 79 P. 2d 1059 (1938), which was his only participation in the trust. Since this assignment took place in 1955, the first year before us, it was a taxable event at that time, notwithstanding that all to which he would otherwise have been entitled would have been the receipt of income over the succeeding years. Bell's Estate v. Commissioner, 137 F. 2d 454 (C.A. 8, 1943), reversing 46 B.T.A. 484 (1942); McAllister v. Commissioner, 157 F. 2d 235 (C.A. 2, 1946), reversing 5 T.C. 714 (1945), certiorari denied 330 U.S. 826; Estate of Robert J. Cuddihy, 32 T.C. 1171, 1177 (1959). The extent to which the approval of the settlement by the State court is or is not binding as to the California State law on the spendthrift trust question need consequently be considered no further. Cf. Blair v. Commissioner, supra; *271 McAllister v. Commissioner, supra. That this was an ordinary and necessary expense of decedent's business as an officer and director of the Miller & Lux corporation cannot, we think, be questioned. In this capacity he received substantial salaries over many years, and his malfeasance in the conduct of that office was at least the major part of the ground for the action against him, the settlement of which gives rise to the present controversy. In the action against decedent, the plaintiffs, if successful, could have deprived him of his share of the estate, including the Houchin recovery. Restatement, Trusts 2d, sec. 257; In re Whitney's Estate, 124 Cal. App. 109, 11 P. 2d 1107 (1932). Under other circumstances, we might hence view this as a capital loss resulting from the cost of defending decedent's equitable title to his interest in the trust. But this is no longer possible considering that the misconduct complained of was the result of decedent's activity as an officer and director of Miller & Lux. Hochschild v. Commissioner, 161 F. 2d 817 (C.A. 2, 1947), reversing 7 T.C. 81 (1946); Alleghany Corporation, 28 T.C. 298, 305 (1957). *272 Nor do we think there is any problem in the valuation of the interest which he relinquished. That value is readily computed by a simple reference to the actuarial tables in the income and estate tax regulations for the valuation of the right of a person of decedent's age to receive for his life the income of property. Secs. 1.1014-5, 25.2512-5, respectively; Bowden v. Commissioner, 234 F. 2d 937 (C.A. 5, 1956), affirming a Memorandum Opinion of this Court. This question has been disposed of as a part of our findings. Although respondent relieved decedent of capital gain tax resulting from the Houchin settlement, petitioner still contends affirmatively, and, of course, concedes, that his share in the Houchin transaction was part of decedent's taxable income, as a capital gain, in the year the controversy was finally concluded. There consequently being no dispute as to decedent's computation of the gain, that amount should be included as capital gain in petitioner's income. To take account of adjustments for an arithmetical error, which petitioner seems not to dispute, *273 Decision will be entered under Rule 50. Footnotes
1. Sec. 25.2512-5, Income Tax Regs.↩, Column 3, Table I.