BABETTE G. LURIE, PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

LOUIS R. LURIE, PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket Nos. 3571, 3572.   Promulgated March 31, 1945.

*Tevis Jacobs, Esq., for* the petitioners.
*T. M. Mather, Esq.,* for the respondent.

## OPINION.

Van Fossan, *Judge*: There is, and can be, no question raised as to the fact that the notes here in question were capital assets under the statutory definition of section 117 (a) (1). The issue arises solely from the fact that the notes were not in registered form when originally issued, formal registration or registered endorsement on the backs of the notes not being perfected until August 6, 1940, less than 18 months before retirement.

The problem being one of statutory interpretation, we look first to the legislative history. Antedating section 117 (f) were the cases of *Henry P. Werner*, 15 B. T. A. 482, and *John H. Watson, Jr.*, 27 B. T. A. 463. In the *Werner* case the Board of Tax Appeals held that gain realized when certain bonds were retired and called prior to maturity was a gain on the "sale or exchange" of a capital asset within the meaning of section 206 of the Revenue Act of 1921, reversing the practice of the Bureau of Internal Revenue as laid down in I. T. 1637. After the promulgation of the *Werner* case, the Bureau, by I. T. 2488, adopted the doctrine of that case.

In *John H. Watson, Jr., supra*, we reexamined the question under an identical statutory provision of the Revenue Act of 1928 and on such reconsideration reversed the ruling of the *Werner* case and held that the payment of an amount specified in a bond, either at maturity or pursuant to an authorized call prior to maturity, is not a "sale or exchange" of such bond under section 101 (c) (2) of the Revenue Act

of 1928. We specifically disapproved I. T. 2488. See *Fairbanks* v. *United States*, 306 U. S. 436.

Thereafter Congress, in the Revenue Act of 1934, embraced the holding of the *Werner* case and adopted section 117 (f),[1] which has persisted in subsequent acts and the Internal Revenue Code.

Addressing ourselves to the specific phase of the question before us, we may note that we have examined the Congressional reports without gleaning any help in our problem.

Petitioners make two contentions: (1) That the notes were in registered form when retired and that this is sufficient compliance with the statute, and (2) that the notes were capital assets, held for more than two years and, therefore, on retirement, profit constituted long term capital gain, regardless of the fact that they were not in registered form for the statutory period. Respondent contends that, when properly read, section 117 (f) requires that securities be in registered form at the time of issuance and subsequent registration is insufficient. He argues, alternatively, that, since registration occurred in August 1940 and retirement in 1941, petitioners did not hold the notes in registered form for the period of 18 months required by section 117 (b).[2]

As to petitioners' first contention, that if the notes were in registered form at the time of retirement the statute was satisfied, we have not the slightest doubt that this was not the Congressional intent. Such a last minute registration just before retirement, even after the call for retirement has been issued, would permit the holders of notes or other securities to determine for themselves, in accord with their individual advantages, the tax consequences that would flow from retirement, without regard for uniformity of treatment or the interests of the Government. The suggested interpretation seems contrary to the whole basic concept of section 117 (f).

The second contention is equally untenable. They argue that the notes were capital assets, held for more than two years, and that therefore it is immaterial that they were not in registered form for the minimum period provided by section 117 (b). The fault of this argument is that in the absence of section 117 (f) the ruling of this Court

---

[1] SEC. 117. CAPITAL GAINS AND LOSSES.
 * * * * * * *
(f) RETIREMENT OF BONDS, ETC.—For the purposes of this title, amounts received by the holder upon the retirement of bonds, debentures, notes, or certificates or other evidences of indebtedness issued by any corporation (including those issued by a government or political subdivision thereof), with interest coupons or in registered form, shall be considered as amounts received in exchange therefor.

[2] (b) PERCENTAGE TAKEN INTO ACCOUNT.—In the case of a taxpayer, other than a corporation, only the following percentages of the gain or loss recognized upon the sale or exchange of a capital asset shall be taken into account in computing net income:
100 per centum if the capital asset has been held for not more than 18 months;
66⅔ per centum if the capital asset has been held for more than 18 months but not for more than 24 months;
50 per centum if the capital asset has been held for more than 24 months.

in *John H. Watson, Jr., supra*, and cases to the same effect, would be operative and it would, of necessity, be held that, albeit the notes were capital assets, there was no sale or exchange of such notes on retirement. Section 117 (f) superseded the above ruling, but it did not invalidate or reverse the principles underlying, or the logic of, that decision. Thus it follows that if petitioners are to prevail the case must be held to come within the provisions of section 117 (f).

Although we find ourselves in disagreement with both contentions of the petitioners, we do not, under the facts, find it necessary to approve respondent's main contention that the notes must be in registered form from the time of issuance and that no subsequent registration can convert unregistered notes into notes in registered form. Rather, we find in respondent's alternative argument sufficient basis for our ruling that, since petitioners' notes were not in registered form for the minimum period fixed by section 117 (b), i. e., 18 months, they can not be held to satisfy section 117 (f).

In our opinion there can be no doubt that, taking all the provisions of section 117 into consideration and having due regard for the purposes of the section, to come within section 117 (f) the notes must be, at the very least, in registered form for the minimum period provided by section 117 (b). This period is 18 months. Since petitioners' notes were in registered form for less than such period before retirement, they do not qualify under section 117 (f).

Reviewed by the Court.

*Decisions will be entered for the respondent.*

KERN, *J.*, concurs only in the result.

