## LURIE v. COMMISSIONER OF INTERNAL REVENUE.

### No. 11160.

Circuit Court of Appeals, Ninth Circuit.

June 27, 1946.

Oscar Samuels and Tevis Jacobs, both of San Francisco, Cal., for petitioner.

Sewall Key, Acting Asst. Atty. Gen., Robert N. Anderson, Louise Foster and Eugene E. Beyer, Sp. Assts. to the Atty. Gen., all of Washington, D. C., for respondent.

Before GARRECHT, MATHEWS and ORR, Circuit Judges.

MATHEWS, Circuit Judge.

Notes issued by Hilton Hotel Company, a corporation, in 1938 were acquired by petitioner, Babette G. Lurie, in 1938 and 1939 and were held by her until their retirement. The notes were registered in 1940. They were retired in 1941, more than 24 months after their acquisition by petitioner and less than 18 months after their registration. From their retirement a gain resulted. Petitioner, in computing her net income for 1941, took into account only 50% of the gain so resulting. Respondent, the Commissioner of Internal Revenue, held that 100% thereof should have been taken into account. He accordingly determined a deficiency in respect of petitioner's income tax for 1941. The Tax Court sustained his determination.[1] Its decision is here for review. The question is: What percent-

---

[1] Lurie v. Commissioner, 4 T.C. 1065.

age of the gain resulting from the retirement of the notes should have been taken into account in computing petitioner's net income?

Subsections (b) and (f) of § 117 of the Revenue Act of 1938, 26 U.S.C.A. Int.Rev. Acts, pp. 1062, 1063, provide:

"(b) Percentage taken into account.— In the case of a taxpayer, other than a corporation, only the following percentages of the gain or loss recognized upon the sale or exchange of a capital asset[2] shall be taken into account in computing net income:

"100 per centum if the capital asset has been held for not more than 18 months;

"66⅔ per centum if the capital asset has been held for more than 18 months but not for more than 24 months;

"50 per centum if the capital asset has been held for more than 24 months."

"(f) Retirement of bonds, etc.—For the purposes of this title [§§ 1-373 of the Act], amounts received by the holder upon the retirement of bonds, debentures, notes, or certificates or other evidences of indebtedness issued by any corporation (including those issued by a government or political subdivision thereof), with interest coupons or in registered form, shall be considered as amounts received in exchange therefor."

Admittedly, the notes here in question were capital assets and were held by petitioner for more than 24 months. They were not coupon notes, but were, at the time of their retirement, in registered form. Hence the amount received by petitioner upon their retirement was an amount received in exchange therefor. Hence only 50% of the gain resulting from their retirement should have been taken into account in computing petitioner's net income. See subsections (b) and (f), supra.

Respondent contends that, because the notes were not issued in registered form, they did not come within subsection (f). The Tax Court did not so hold, nor is there any basis for such a holding. To come within subsection (f), a note must be issued by a corporation and, unless it is a coupon note, must be in registered form at the time of its retirement, but it need not be in registered form at the time of its issuance.

 The Tax Court held that, because the notes were in registered form for less than 18 months, they did not come within subsection (f). In so holding, the Tax Court read into subsection (f) a provision which it does not contain, namely, that, to come within it, a note must be in registered form for at least 18 months—a provision which only Congress could enact, and which Congress has not enacted. The holding was a clear-cut mistake of law. We can and should correct the mistake.[3]

Decision reversed.

---

[2] See subsection (a) (1) of § 117 of the Revenue Act of 1938, 26 U.S.C.A. Int.Rev.Acts, p. 1061.

[3] Commissioner v. Wilcox, 66 S.Ct. 546. Cf. Dobson v. Commissioner, 320 U.S. 489, 64 S.Ct. 239, 88 L.Ed. 248.