OPINION. Harron, Judge: The only question in these proceedings is whether notes of Lamm Lumber Co. were in registered form within the meaning of section 117 (f) of the Internal Revenue Code.[3] On and after May 6, 1930, Lamm Lumber Co... gave its notes in exchange for loans to Consolidated Securities Co. The petitioners concede the fact that none of the notes were registered notes at the time of issuance. The narrow question presented is whether the notes were “in registered form” after the petitioners purchased undivided interests in them in 1941. The evidence in these proceedings is clear on the point that the debtor, Lamm Lumber Co., did not at any time take back any of the notes and reissue registered notes in place of the original unregistered notes. Section 117 (f) refers to the retirement of notes, bonds, debentures, certificates or other evidences of indebtedness issued by any corporation with interest coupons or in registered form. We understand the wording of section 117 (f) to refer to evidence of indebtedness which is put into registered form by a debtor-corporation, and that one of the requirements of section 117 (f) is that the evidence of indebtedness be put in registered form by the debtor if the retirement of the indebtedness is to be recognized as an exchange so that gain or loss shall be treated as capital gain or loss. The petitioners have based their contention that the gains which they realized upon the payment of the notes should be treated as capital gains because of the arrangements which they made with the American Trust Co. under the agreement of July 15, 1941. That is to say, the petitioners appear to take the view that the notes were “in registered form” because of the records which were kept for purposes of distributions to them and because any transfei’s of their respective interests had to be recorded by their agent. We are unable to agree with the petitioners that the debtor-corporation ever placed the notes in question in registered form. The Lamm Lumber Co. was not a party to the agreement with American Trust Co. and we think that it involves too strained a construction of the facts to conclude that the agreement between the petitioners and the American Trust Co. operated in some way to effect a registration of the notes by the Lamm Lumber Co. The Lamm Lumber Co. did not maintain any register of the notes, or of the owners, or of the payments to the owners of undivided interests. The American Trust Co. was not an agent of the Lamm Lumber Co. Instead, it was an agent of the petitioners who had purchased the notes at a discount. They appointed the American Trust Co. as their agent to receive payments of principal and interest on the notes for them, and to make distributions thereof to them. The records of the American Trust Co. which were kept for the purposes of acting as a collecting and disbursing agent are not the kind of register which satisfies the requirements of section 117 (f). Since we cannot agree with the petitioners that the requirements of section 117 (f) are satisfied in these proceedings by virtue of the records which the petitioners had their own agents establish, we must sustain the respondent’s determination. The petitioners rely upon Lurie v. Commissioner, 156 Fed. (2d) 436, reversing 4 T. C. 1065; and other cases. All of the authorities which have been cited have been considered. In the Lurie case, as shown by the Findings of Fact and Opinion of this Court, supra, notes were taken back by a corporation and were reissued in the form of registered notes. The debtor-corporation registered the evidences of its indebt' edness. That was not the fact with respect to the notes which are involved here. Therefore, we believe that this proceeding is distinguishable from the Lurie case. It is held that the notes of Lamm Lumber Co. were not “in registered form” within the requirements of section 117 (f) of the Code at any time, either before or after the petitioners acquired their interests therein. The respondent’s determinations are sustained. Reviewed by the Court. Decisions will be entered, for the respondent. SEC. 117. CAPITAL GAINS AND LOSSES. « * # * * * 0 (f) Retirement of Bonds, Etc. — For the purposes of this chapter, amounts received by the holder upon the retirement of bonds, debentures, notes, or certificates or other evidences of indebtedness issued by any corporation’ (including those issued by a government or political subdivision thereof), with interest coupon's or in registered form, shall be con* Bldered as amounts received In exchange therefor.