## COMMISSIONER OF INTERNAL REVENUE v. BOOKSTEIN (two cases).
### Nos. 8629, 8628.

Circuit Court of Appeals, Sixth Circuit.

Dec. 3, 1941.

William Cary, Sp. Asst. to Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., and J. Louis Monarch and John J. Pringle, Jr., Sp. Assts. to Atty. Gen., on the brief), for petitioner.

Harry H. Meisner, of Detroit, Mich. (Ivan I. Meisner, of Detroit, Mich., on the brief), for respondents.

Before SIMONS, ALLEN, and McALLISTER, Circuit Judges.

SIMONS, Circuit Judge.

Upon the determination and assessment of a deficiency by the Commissioner in taxes of the respondents for the calendar year 1934, the question arose whether, as in Helvering v. Hammel, 6 Cir., 108 F.2d 753, re-

versed 311 U.S. 504, 61 S.Ct. 368, 85 L.Ed. 303, 131 A.L.R. 1481, a loss sustained by the taxpayers through the foreclosure of mortgaged real estate was an ordinary loss deductible to its full extent, or was a capital loss limited to $2,000 under the provisions of § 117(d) of the Revenue Act of 1934, 26 U.S.C.A. Int.Rev.Acts, page 708. The Board of Tax Appeals held that the transaction involved neither a sale nor exchange of a capital asset, and that the resulting loss was not subject to limitation. Review is sought by the Commissioner.

The taxpayers, as partners, acquired property in Hamtramck, Michigan, subject to a mortgage of $48,000 to the Massachusetts Life Insurance Company. In 1933 they were in default in principal and interest payments on the mortgage, and foreclosure proceedings thereon were begun by the mortgagee. Conceiving that the intrinsic value of the real estate had become depreciated to the extent that it was no longer worth the amount of the mortgage debt, the partners agreed with the mortgagee for the entry of a consent decree which should provide that they be permitted to remain in possession of the property until January 1, 1934, at which time the mortgagee was to have the right to take possession, or, if possession was not given, to be entitled to rent for the premises. The agreement stipulated that the provisions of the decree should be in lieu of any deficiency claims of the mortgagee against the taxpayers. A decree was subsequently entered on April 11, 1933, in accordance with the stipulation. On October 18, 1933, a Commissioner's deed issued, which contained the recital that it was to become operative six months from its date, that is, on April 18, 1934. On or about January 17, 1934, the taxpayers executed and delivered to the mortgagee a quitclaim deed for the premises.

In reversing our decision in 108 F.2d 753, the Supreme Court, in the Hammel case, tracing the history of the congressional treatment of gains and losses from sales of capital assets, concluded that a foreclosure sale which finally cuts off the interest of a mortgagor, comes within the means adopted by the statute for determining the amount of his capital gain or loss from the sale of the mortgaged property, and that whether such sale is voluntary or without reference to voluntary action of the taxpayer, nevertheless it determines the amount of capital gain or loss from the sale of property, and so is a sale or exchange of a capital asset subject to the limitation of $2,000 put upon it in the case of individuals by § 117(d) of the Revenue Act of 1934.

■ The respondents undertake to distinguish the Hammel case from the case at bar upon a number of grounds. They say that in surrendering their interest in the real estate by agreement they were merely liquidating a debt, and that settlement of a mortgage debt does not constitute a sale or exchange of capital assets. We rejected similar contentions in a series of cases including Gransden & Co. v. Commissioner of Internal Revenue, 6 Cir., 117 F.2d 80; Warren v. Commissioner, 6 Cir., 117 F.2d 82; Commissioner v. Hill, Administrator, 6 Cir., 119 F.2d 421. They say also that their cases are to be distinguished from the Hammel case by the fact that the land there involved was purchased by a syndicate for profit, whereas their property was used by them in their business and was an integral part of their ordinary assets such as stock in trade, cash, and the like. But § 117(b), defining capital assets, includes within the definition all property held by the taxpayer, excepting therefrom only "stock in trade of the taxpayer or other property of a kind which would properly be included in the inventory of the taxpayer if on hand at the close of the taxable year, or property held by the taxpayer primarily for sale to customers in the ordinary course of his trade or business." 26 U.S.C.A. Int.Rev.Acts, page 707. Clearly, the real estate here involved does not come within either statutory exception. It is not property of a kind properly to be included in inventory even though used in the taxpayers' business, and is not property held primarily for sale to customers in the ordinary course of trade or business. Acceptance of the contention would exclude from the capital assets classification bonds, mortgages and other securities held for investment, without expectable profit. This is clearly not the intent of the statute.

■ The fact that in the Hammel case there was foreclosure of a land contract which possibly might have been forfeited without foreclosure, while here the controversy concerns a mortgage, is not a distinction in principle. In Electro-Chemical Engraving Co., Inc., v. Commissioner, 311 U.S. 513, 61 S.Ct. 372, 85 L.Ed. 308, decided contemporaneously with the Hammel case, the loss sustained was upon the fore-

998

closure of a mortgage and not of a land contract, and the court followed and applied the reasoning of the Hammel case. It is also urged that the chancery court, in the present case, merely approved a previous settlement agreement and an agreed release from personal liability by transfer of title, whereas in the Hammel case the court decreed foreclosure in an adversary proceeding. The taxpayers here, it is urged, merely acquiesced in an extinguishment of property, and this is not a sale. The Gransden case gives sufficient answer to this line of reasoning. Nor is there merit to the view that, the loss being realized by an agreement prior to and independent of the foreclosure decree, the deed executed by taxpayers, who had already surrendered their title, was without consideration and so did not effectuate a valid sale of property at the time of its execution. Commissioner v. Hill, supra; Nickoll v. Commissioner, 7 Cir., 103 F.2d 619; Commissioner v. Hawkins, 5 Cir., 91 F.2d 354. Whatever may in common business parlance be the transaction by which a debtor surrenders real estate to a creditor holding a mortgage lien thereon or title subject to a contract obligation to convey, but which, because of default, he may foreclose, it is abundantly clear, from the reasoning of the cases cited, that such conveyance or reconveyance of property by debtor to creditor, whether made voluntarily to escape a judgment for deficiency, or under compulsion of a foreclosure decree, is, within the purview of the revenue laws, a sale or exchange of capital assets.

The decisions of the Board of Tax Appeals are reversed.