### ENGLAND–COOK CO. v. COMMISSIONER OF INTERNAL REVENUE.

No. 8780.

Circuit Court of Appeals, Sixth Circuit.

Dec. 11, 1941.

Cook, Smith, Jacobs & Beake, of Detroit, Mich., for petitioner.

Samuel O. Clark, Jr., Asst. Atty. Gen., and J. P. Wenchel, Sewall Key, Claude R. Marshall, and Louise Foster, Sp. Assts. to Atty. Gen., all of Washington, D.C., for respondent.

Before SIMONS, HAMILTON, and McALLISTER, Circuit Judges.

PER CURIAM.

The question before the court being whether a loss suffered by the petitioner as a result of its ownership of mortgaged property was an ordinary loss deductible to the full extent, or a capital loss growing out of a sale or exchange of capital assets and so allowable only to the extent provided in § 117 (d), 26 U.S.C.A.Int.Rev.Code; and the court perceiving no distinguishing feature of the transaction by which the property was retransferred by the defaulting debtor to the secured creditors entitled by the terms of the mortgage to enforce a foreclosure, from the fact situations in cases heretofore considered by us,

It is the view of the court that the decision of the Board of Tax Appeals denying the deduction claimed as an ordinary loss should be affirmed upon the principles developed in Gransden & Co. v. Commissioner, 6 Cir., 117 F.2d 80; Warren v. Commissioner, 6 Cir., 117 F.2d 82; Commissioner v. Hill, Administrator, 6 Cir., 119 F.2d 421, and by the Supreme Court in Helvering v. Hammel, 311 U.S. 504, 61 S.Ct. 368, 85 L.Ed. 303, 131 A.L.R. 1481, and more recently by this court in Commissioner v. Bookstein, 6 Cir., 123 F.2d 996, decided December 3, 1941; wherefore,

It is ordered that the decision of the Board of Tax Appeals be and it is hereby affirmed.