*Decision will be entered under Rule 50.*

JACK ROSENZWEIG, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

HENRY ROSE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 108342, 108343. Promulgated November 13, 1942.

*Henry Rose*, for the petitioners.
*Walt Mandry, Esq.*, for the respondent.

OPINION.

SMITH, *Judge:* The first question for consideration is whether Henry Rose is liable to income tax for 1939 upon the entire amount of $58,500 net proceeds received upon the settlement of a suit brought by him against the Metro-Goldwyn-Mayer Corporation and associated companies, or on only that amount less the $25,000 paid to his brother, Jack Rosenzweig, upon the settlement of the suit.

Section 23 (a) (1) of the Internal Revenue Code was amended by section 121 of the Revenue Act of 1942. By the amendment taxpayers are permitted to deduct from gross income not only "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business," but also:

* * * NON-TRADE OR NON-BUSINESS EXPENSES.—In the case of an individual all the ordinary and necessary expenses paid or incurred during the taxable year for the production or collection of income, or for the management, conservation, or maintenance of property held for the production of income.

By subdivision (d) of section 121 the amendment is made applicable to taxable years beginning after December 31, 1938.

The evidence shows that petitioner Henry Rose had no money with which to institute a suit against the Metro-Goldwyn-Mayer Corporation for the infringement of his copyright. He therefore agreed with his brother that if he would bear the expenses of the infringement suit he would pay him one-half of any amount which might be recovered over and above attorneys' fees. When it came to a settlement between the brothers Jack Rosenzweig agreed to accept $25,000 instead of $29,250. Henry Rose therefore paid his brother $25,000 and kept $33,500.

It is clear that there was no element of a gift in the payment of this $25,000. It was, we think, an ordinary and necessary expense paid in the collection of income. As such it is a legal deduction from the gross income of Henry Rose. He is therefore taxable upon net income of only $33,500.

The second question involves the proper construction of section 107 of the Internal Revenue Code added by section 220 of the Revenue Act of 1939. That section in full reads as follows:

SEC. 220. COMPENSATION FOR SERVICES RENDERED FOR A PERIOD OF FIVE YEARS OR MORE.

(a) The Internal Revenue Code is amended by inserting after section 106 the following new section:

"SEC. 107. COMPENSATION FOR SERVICES RENDERED FOR A PERIOD OF FIVE YEARS OR MORE.

"In the case of compensation (a) received, for personal services rendered by an individual in his individual capacity, or as a member of a partnership, and covering a period of five calendar years or more from the beginning to the completion of such services, (b) paid (or not less than 95 per centum of which is paid) only on completion of such services, and (c) required to be included in gross income of such individual for any taxable year beginning after December 31, 1938, the tax attributable to such compensation shall not be greater than the aggregate of the taxes attributable to such compensation had it been received in equal portions in each of the years included in such period."

(b) The amendment made by subsection (a) shall be applicable to taxable years beginning after December 31, 1938.

So far as we have been able to determine, this provision of the law has never been judicially construed. The petitioners have interpreted it as applying to them, and in accordance with their interpretation of it each has computed his income tax for 1939 as being the amount of the tax which would be due for 1939 by considering one-fifth of his share of the proceeds as taxable income of 1939 plus the additional tax which would be due for the four prior years if one-fifth of each share of the net proceeds received on the settlement of the suit in 1939 was taxable income of each of such prior years.

The respondent denies that this section of the law is applicable to the cases of these petitioners. He says that they were in no sense employees

at any time of the Metro-Goldwyn-Mayer Corporation; that the money paid by that corporation in the settlement of the suit was not paid as compensation for personal services rendered, but was paid as damages for the infringement of a copyright; also that the copyrighted play was completed prior to 1935 and that there is no basis for spreading the net proceeds of the infringement suit over the five years 1935 to 1939.

Petitioners, on the other hand, contend that section 107 of the Internal Revenue Code was intended to give relief to writers and inventors who realized the profits of their labors over a period of five years or more in one year, and that that is their situation. In support of this argument they cite the Report of the Senate Finance Committee upon section 220 of the Revenue Act of 1939, H. R. 6851, p. 7, as follows:

It has been considered a hardship to tax fully the compensation of writers, inventors, and others who work for long periods of time without pay and then receive their full compensation upon the completion of their undertaking. Under existing law, such persons have their income for the whole period aggregated into the final year. This results in two inequities: First, only the deductions, expenses, and credits of the fiscal year are chargeable against the compensation for the full period; second, under our graduated surtax, the taxpayer is subjected to a considerably greater burden because of the aggregation of his compensation.

The important question here is whether the net proceeds of the settlement of the litigation constituted "compensation * * * for personal services rendered" by the petitioners. It is quite clear that it was not paid as such by the Metro-Goldwyn-Mayer Corporation or considered as having been received as such by the petitioners at the time of receipt. They were never employees of the Metro-Goldwyn-Mayer Corporation. The suit was not for the recovery of wages or salaries owed to them or for the recovery of money for services performed. It was a suit for infringement of a copyright. After the suit was settled Henry Rose still was the owner of his copyrighted play and by the settlement was not precluded from producing it, selling it, or instituting other suits against any other infringers of the copyright.

In *E. Phillips Oppenheim*, 31 B. T. A. 563, the question for decision was whether the taxpayer was entitled to earned income credit. Oppenheim had made an agreement with his publishers by which he was to furnish them with two novels each year. They were to publish the novels and he was to receive royalties upon the sales. The Board held that the amounts received by him were not compensation received for personal services rendered. We do not think that the petitioners stand in any better position than did Oppenheim in contending that the amounts received by them in 1939 constituted compensation for personal services.

The action of the respondent in taxing the entire amounts received by each petitioner upon the settlement of the litigation in 1939 as tax-

able income of that year without the benefit of section 107 of the Internal Revenue Code is approved.

The petitioners contend, in the alternative, that the amounts received by them should be considered as capital gain under section 117 of the Internal Revenue Code. That section applies only to sales or exchanges of capital assets. It is quite obvious that the petitioners did not sell or exchange anything. Even if the sum had been received as a license, it would not have been received as the result of a sale or exchange. See *Sabatini* v. *Commissioner* (C. C. A., 2d Cir.), 98 Fed. (2d) 753; *Irving Berlin*, 42 B. T. A. 668.

> *Decision will be entered for the respondent in Docket No. 108342 and under Rule 50 in Docket No. 108343.*