ESTATE OF CLARA E. MARTIN, DECEASED, IRVING MARTIN, SR., AND F. A. ECKSTROM, EXECUTORS, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

IRVING MARTIN, SR., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

STOCKTON DAILY RECORD, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 8226, 8227, 8228. Promulgated November 4, 1946.

*O. C. Parkinson, Esq.,* for the petitioners.
*Leonard A. Marcussen, Esq.,* for the respondent.

OPINION.

Murdock, *Judge*: Both parties to this proceeding recognize that these petitioners sustained losses in 1941. The amount of those losses is not in dispute. The association owed the petitioners certain amounts

shown as final credits upon their investment certificates at the beginning of 1936. The petitioners have recovered 75 per cent of those debts from their debtor, 70 per cent through shares of the debtor received in 1936, and 5 per cent through additional shares or additional credits to shares in 1941. The remaining 25 per cent of the amounts due upon those investment certificates has been lost. The Commissioner treated those losses as capital losses of 1941 and allowed such limited deductions as are permitted in the case of capital losses. He does not ask for any increase in the deficiency.[2]

The petitioners claim that their losses are deductible in full as bad debts under section 23 (k) (1) of the Internal Revenue Code.[3] The respondent agrees that there were debts and he does not raise any question based upon the charge-off requirements of the section. One reason why deductions for 1941 might not be allowed under section 23 (k) (1) for the amount of the debts would be that that provision does not apply, in the case of taxpayers like these, with respect to a debt evidenced by a certificate issued by a corporation in registered form. The respondent argues that the installment investment certificates evidencing the debts due to these petitioners were certificates issued by a corporation in registered form, within the meaning and intent of section 23 (k). The petitioners argue to the contrary. They tacitly agree that their debts were evidenced by certificates issued by the debtor corporation. Cf. *City Bond & Finance Co. Ltd.* v. *Welch*, 9 Fed. Supp. 500. They do not advance any convincing argument that those certificates were not "in registered form."

Section 117 (f) of the Revenue Act of 1934 contained language quite similar to that with which we are concerned. The Circuit Court of Appeals for the Second Circuit, in *Gerard* v. *Helvering*, 120 Fed. (2d) 235, affirming 40 B. T. A. 64, was considering whether the language of section 117 (f) covered a bond accompanying a mortgage given by a corporation to the taxpayer in obtaining a loan. The Circuit Court

---

[2] He abandoned an issue raised in amended answers.

[3] SEC. 23. DEDUCTIONS FROM GROSS INCOME.

  \*      \*      \*      \*      \*      \*      \*

  (k) BAD DEBTS.—

  (1) GENERAL RULE.—Debts which become worthless within the taxable year; or (in the discretion of the Commissioner) a reasonable addition to a reserve for bad debts; and when satisfied that a debt is recoverable only in part, the Commissioner may allow such debt, in an amount not in excess of the part charged off within the taxable year, as a deduction. This paragraph shall not apply in the case of a taxpayer, other than a bank, as defined in section 104, with respect to a debt evidenced by a security as defined in paragraph (3) of this subsection.

  (2) SECURITIES BECOMING WORTHLESS.—If any securities (as defined in paragraph (3) of this subsection) become worthless within the taxable year and are capital assets, the loss resulting therefrom shall, in the case of a taxpayer other than a bank, as defined in section 104, for the purposes of this chapter, be considered as a loss from the sale or exchange, on the last day of such taxable year, of capital assets.

  (3) DEFINITION OF SECURITIES.—As used in paragraphs (1), (2), and (4) of this subsection the term "securities" means bonds, debentures, notes, or certificates, or other evidences of indebtedness, issued by any corporation (including those issued by a government or political subdivision thereof), with interest coupons or in registered form.

pointed out that no provision was made for registering any transfer of the bond on any of the books of the corporation and there was no provision that the bond and mortgage could be transferred only by registry or other entry upon the books of the corporation. It then discussed what was meant by the phrase "in registered form." It said that the phrase refers in the case of a bond to one "registered" upon the books of the obligor or of a transfer agent, the purpose being to protect the holder by making invalid unregistered transfers. It pointed out that the bond always provides on its face that it can be transferred only in that way. See also *George Peck Caulkins*, 1 T. C. 656; affd., 144 Fed. (2d) 482; *Rieger* v. *Commissioner*, 139 Fed. (2d) 618, reversing 47 B. T. A. 727; *Matilda S. Puelicher*, 6 T. C. 300; Encyclopedia of Banking and Finance, Munn, 4th Ed. 1935, p. 620. The explanation of the phrase as it applies to a certificate is not different in principle. The instrument here in question is a numbered certificate issued in the name or names of the creditors. It "certifies" that the person named is the owner of certain units or fractions thereof as indicated by balances shown on a passbook attached to the certificate. It further provides for interest and states that the certificate "is nonnegotiable, is transferable only on the books of the association, and no payment will be received or withdrawal paid, without the presentation of this certificate." It recites that the association has caused the certificate to be signed by its duly authorized officers and to be sealed with the seal of the corporation. Not only have the petitioners failed to show that the certificates were not "in registered form," within the meaning of the statute, but the proof, or at least the irresistible implication from such proof as there is, is that they were in registered form.

The petitioners argue that the meaning of "securities" is the same throughout chapter 1, particularly that it is the same in section 23 (k) (3) and in section 117 (f) as it is in section 112 (b) (3). We disagree. The courts, in considering section 112, have held that short term indebtedness is not an adequate link in the chain of continuing interest necessary to certain reorganizations defined in that section. No question of continuity of interest is involved in the present case and there is no sound reason for bringing such a question into the interpretation of section 23 (k), which supplies its own specific definition of securities.

Consideration of the legislative history of section 23 (k) (3) and of somewhat similar language found in section 117 (f) does not aid the petitioners' case. Congress first provided in section 117 (f) of the Revenue Act of 1934 that amounts received by the holder upon the retirement of bonds, debentures, notes, or certificates or other evidence of indebtedness issued by any corporation with interest coupons or in registered form should be considered as received in exchange

therefor for the purpose of the capital gain provisions. The courts held, nevertheless, that deductions for bad debts on debts evidenced by such securities were allowed by section 23 (k) of the Revenue Act of 1934 and subsequent revenue acts, and that the capital loss limitations did not touch such losses. Congress then changed 23 (k) in the Revenue Act of 1938 so that the capital loss provisions would apply if certain types of indebtedness described therein became worthless just as would be the case if they were sold or retired at a loss. The present case comes within the letter of the definition of securities given in those changed provisions. These debts were evidenced by certificates issued by a corporation in registered form. It is suggested that they differ from ordinary securities in certain respects. They were somewhat like savings accounts in a bank in that the amount of the debt could be changed by the creditor through deposits and withdrawals. They have no fixed maturity date. The rate of interest was changed apparently, but that must have been by agreement with the creditors, since the certificates expressly provided for interest at a stated rate. However, since they were certificates, one of the classes specifically mentioned in the statutory definition of securities, we could not hold under the principle of *noscitur a sociis*, or under any other principle, that these certificates were not certificates, since they were not like some other certificates. Nor do we find anything about these certificates which convinces us that they were not of the kind which Congress intended to include in that definition. There is not a sufficient reason for taking this case out of the express language of the statute by resolving any doubt as to the intent of Congress in favor of the petitioners. Cf. *Commissioner* v. *Caulkins, supra*. We hold that the debts here in question are not deductible under section 23 (k) (1). Since no justification for disturbing the Commissioner's determination has been advanced by the petitioners, we leave the parties as we found them.

Reviewed by the Court.

*Decision will be entered for the respondent.*