ISADORE GOLONSKY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

FRANK GOLD, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 21406, 21407.   Promulgated June 29, 1951.

*Edward N. Polisher, Esq.*, for the petitioners.
*Albert J. O'Connor, Esq.*, for the respondent.

### OPINION.

MURDOCK, *Judge:* The Commissioner determined an income tax deficiency of $1,180.31 against Isadore Golonsky and one of $901.40 against Frank Gold, for 1944. The only issue is whether the Commissioner erred in holding that $3,750, the amount received by each petitioner from Sansom Realty Company, was taxable to him as ordinary income instead of as a long term capital gain. The facts have been stipulated.

The petitioners filed their returns for 1944 with the collector of internal revenue for the first district of Pennsylvania.

Golonsky leased the premises at 1842 Market Street, Philadelphia, for a term of 1 year from October 1, 1938, the term to continue from year to year unless terminated by a written notice given at least 3 months prior to the end of an annual term. Golonsky, with the consent of the lessor, assigned the lease on August 8, 1941, to himself and Gold.

Sansom Realty Company acquired the premises on June 1, 1944, subject to the lease. Notice to terminate the lease on September 30, 1944, had been given by the lessor. Sansom Realty Company entered into a contract with the petitioners dated June 13, 1944, whereby the petitioners agreed to vacate the premises and terminate the lease on or before June 30, 1944, for $7,500. The agreement was carried out in accordance with its terms and the petitioners received the $7,500 in 1944.

The petitioners did not report the transaction on their returns for 1944. The Commissioner, in determining the deficiencies, held that each petitioner had received ordinary income of $3,750 from the transaction.

The Commissioner concedes that if the petitioners had sold their lease to a third party, there would have been a capital gain. Also, a capital gain results from a transaction like the present one if a sublease remains in effect. *Walter H. Sutliff*, 46 B. T. A. 446. The Commissioner contends, nevertheless, that the transaction between the petitioners and the owner of the property was a cancellation of the lease rather than a sale because "the lease contract, as in the case of notes, option, and other contracts, can not be sold to the lessor (obligor) for the reason that an attempted sale to the lessor results in a termination of the lease agreement which, in turn, extinguishes the right of possession."

The petitioners, as lessees, had a right under the lease to possession and use of the property for the months of July, August, and September in 1944, a property right. The new owner in the transaction paid the petitioners $7,500 to acquire the right to the use and possession of the property for those three months, a right which theretofore it had never had. Cf. *Henry B. Miller*, 10 B. T. A. 383; *Charles B. Bretzfelder*, 21 B. T. A. 789: *Harriet B. Borland*, 27 B. T. A. 538; *Walter H. Sutliff*, *supra*. That is a sufficient transfer of property to bring the transaction within section 117.

The use of the word "cancellation" is not determinative where something is transferred. Cf. *Jones* v. *Corbyn*, 186 F. 2d 450. The case is unlike *Hale* v. *Helvering*, 85 F. 2d 819, involving the satisfaction of a debt in which no property was received by the debtor.

*United Cigar-Whelan Stores Corporation* v. *District of Columbia*, 176 F. 2d 952, holds to the contrary but without stating a convincing reason. The surrender of an option is likewise different because nothing is transferred. *Seth M. Milliken*, 15 T. C. 243. The case of *Hort* v. *Commissioner*, 313 U. S. 28, is distinguishable on its facts. *Walter H. Sutliff*, *supra*. There, the lessee paid Hort, the landlord, to cancel the lease, and the Court held that the payment was basically "merely a substitute for the rent reserved in the lease" expressly taxable under section 22 (a). Here, the amount was paid by the landlord to the tenant and the Commissioner does not argue that it resembled rent in any way or is expressly mentioned as income in section 22 (a).

Reviewed by the Court.

*Decisions will be entered under Rule 50.*

HARRON and RAUM, *JJ.*, dissent.