**COMMISSIONER OF INTERNAL REVENUE v. GOLONSKY.**

**COMMISSIONER OF INTERNAL REVENUE v. GOLD.**

**Nos. 10751, 10752.**

United States Court of Appeals Third Circuit.

Argued Nov. 3, 1952.

Decided Nov. 28, 1952.

Morton K. Rothschild, Washington, D. C. (Ellis N. Slack, Acting Asst. Atty. Gen., A. F. Prescott, Sp. Asst. to Atty. Gen., on the brief), for petitioners.

Harry Yohlin, Philadelphia, Pa. (Edward N. Polisher, Philadelphia, Pa., on the brief), for respondent.

Before MARIS, GOODRICH and HASTIE, Circuit Judges.

GOODRICH, Circuit Judge.

These two cases involve no issue of fact and but a single issue in tax law. The problem is simply stated as follows:

A tenant in possession of premises under a lease, upon receipt of payment by the landlord, and pursuant to an agreement made with the landlord, "vacated and sur-

rendered the premises"[1] before the date at which the lease expired. Is the money received by the tenant for getting out of the premises and turning them over to the landlord before the expiration date of the lease the product of a "sale or exchange" so as to allow the tenant to pay an income tax upon capital gain only under section 117 of the Internal Revenue Code?[2] The Tax Court gave an affirmative answer. 1951, 16 T.C. 1450. The Commissioner appeals.

The scope for our consideration is narrowed by two lines of authority. First, if the tenant had transferred his lease to a third party at a profit, the resulting gain would be subject to the capital gains tax if other conditions were complied with. Sutliff v. Commissioner, 1942, 46 B.T.A. 446.

The second line of cases, existence of which is grudgingly admitted by the Commissioner, holds that where a life tenant transfers his interest in a trust to the remainderman, this is a transfer of a capital asset and any profit thereon is to be taxed as a capital gain. Bell's Estate v. Commissioner, 8 Cir., 1943, 137 F.2d 454; McAllister v. Commissioner, 2 Cir., 1946, 157 F.2d 235, certiorari denied, 1947, 330 U.S. 826, 67 S.Ct. 864, 91 L.Ed. 1276; Allen v. First National Bank and Trust Co., 5 Cir., 1946, 157 F.2d 592, certiorari denied, 1947, 330 U.S. 828, 67 S.Ct. 868, 91 L.Ed. 1277.

Why then is a transfer of a leasehold interest by a tenant to a landlord not a "sale?" To call the transaction a cancellation or termination of a lease and not a sale is, we think, to assume the point to be decided. Undoubtedly there is a cancellation of the lease when the tenants voluntarily surrender the premises to a landlord in accordance with an agreement, but the fact that the cancellation occurs does not negative the fact that the transaction may constitute a sale. A lease is certainly prop-

---

1. This language is taken from a stipulation entered into between the Taxpayers and the Commissioner.

2. 26 U.S.C. § 117(b): "In the case of a taxpayer, other than a corporation, only the following percentages of the gain or

loss recognized upon the sale or exchange of a capital asset shall be taken into account in computing net capital gain, net capital loss, and net income: * * * 50 per centum if the capital asset has been held for more than 6 months."

erty,[3] although it admittedly is not an estate of freehold as that term was used in the common law pertaining to real estate. This property was transferred by the then owner to another for a stipulated price which was paid. That would seem to constitute a sale unless there is some limiting requirement that nothing can be sold except a tangible chattel, which is not the case.[4]

. There is a case from the District of Columbia which says that a cancellation of a lease is not a "sale or exchange". United Cigar-Whelan Stores Corp. v. District of Columbia, 1949, 85 U.S.App.D.C. 301, 176 F.2d 952. The question arose under the District of Columbia income tax act and, therefore, is not a decision under the federal income tax law. With due deference we disagree with the court in that case; as did the Tax Court here.

The Commissioner makes much of the point that section 117 does not mention the giving up of a lease by a tenant as a category of "sale or exchange". We are not impressed by this argument. If the transaction fits the legal requirements for a sale, we see no reason for specific mention of it among a list classifying as a sale that which would not ordinarily be regarded as such a transaction.

Hort v. Commissioner, 1941, 313 U.S. 28, 61 S.Ct. 757, 85 L.Ed. 1168, was cited by the Tax Court and is cited by both parties here. That case held that an amount received by a lessor in consideration of a cancellation of a lease of real estate is to be taxed as ordinary income for it "involved nothing more than relinquishment of the right to future rental payments in return for a present substitute payment and possession of the leased premises." 313 U.S. at page 32, 61 S.Ct. at page 759, 85 L.Ed. 1168. The taxpayer in this case did not receive money for anything except his willingness to give up his right to possession and enjoyment of the premises until the completion of the term. The situation here is quite different from that in the Hort case.

We think the Tax Court was right and its decision will be affirmed.

---

3. See the definition of "property" in Restatement, Property, Chapter 1, Introductory Note, as denoting "legal relations between persons with respect to a thing." The Board of Tax Appeals has consistently held that a lease is property and that therefore an amount paid by a lessor to a lessee for surrender of the leasehold is not deductible as an ordinary business expense, but only as a capital expenditure recoverable over the life of the lease acquired. Borland v. Commissioner, 1933, 27 B.T.A. 538; Business Real Estate Trust of Boston v. Commissioner, 1932, 25 B.T.A. 191; Bretzfelder v. Commissioner, 1930, 21 B.T.A. 789; Miller v. Commissioner, 1928, 10 B.T.A. 383.

4. It is no longer open to doubt that intangible property may be the subject of a sale, e.g., good will (Williston on Contracts § 412, § 1640 (Rev.Ed.1937)), choses in action (Williston on Sales, § 145 (Rev.Ed.1948)). It is also unquestionable that "sale or exchange" in § 117 of the Internal Revenue Code comprehends intangible property. Jones v. Corbyn, 10 Cir., 1950, 186 F.2d 450, (cancellation of exclusive agency contract held sale of capital asset); Starr Bros. v. Commissioner, 1952, 18 T.C. No.21 (semble); Ray v. Commissioner, 1952, 18 T.C. No.52 (lessee's release to lessor of a restrictive covenant in the lease held sale of a capital asset).