COMMISSIONER OF INTERNAL REVENUE

v.

McCUE BROS. & DRUMMOND, Inc.

No. 157, Docket 22857.

United States Court of Appeals, Second Circuit.

Argued Feb. 10, 1954.

Decided March 3, 1954.

H. Brian Holland, Asst. Atty. Gen., Ellis N. Slack, Lee A. Jackson and Morton K. Rothschild, Special Assts. to the Atty. Gen., for Commissioner of Internal Revenue, petitioner.

Harper & Matthews, New York City (Murray F. Johnson, New York City, of counsel), for McCue Bros. & Drummond, Inc., respondent.

Before CHASE, Chief Judge, and AUGUSTUS N. HAND and MEDINA, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

From 1928 to June 30, 1946, the taxpayer operated a retail hat store at 1294 Broadway, New York City, on the street level of the Hotel McAlpin. For the three year period February 1, 1943, to January 31, 1946, taxpayer held the premises under a lease executed with the landlord, New York Life Insurance Company. However, when that lease expired, taxpayer, under the New York Rent Control Laws which became effective January 24, 1945, Laws of New York 1945, c. 314, §§ 8, 13, McK.Unconsol.Laws, §§ 8558, 8563, had the right to remain in possession as long as it continued to pay the rent as fixed by the

prior lease. Moreover, the provisions of the lease which did not conflict with the Rent Control Laws would be enforced during the statutory tenancy. See, e. g., 130 West 57 Corporation v. Hyman, 188 Misc. 92, 66 N.Y.S.2d 332; Barrow Realty Corp. v. Village Brewery Restaurant, Inc., 272 App.Div. 262, 70 N.Y.S.2d 545.

On June 27, 1945, the Jamlee Hotel Corporation, an affiliate of Crawford Clothes Inc., bought the Hotel McAlpin and formulated plans to open up a new Crawford store which would occupy part of the ground floor of the hotel including the taxpayer's store. Since the Rent Control Laws gave the taxpayer the right to remain in possession indefinitely, negotiations were entered into whereupon on May 17, 1946, the taxpayer and Jamlee signed a written agreement under which Jamlee was to pay the taxpayer $22,500 if he vacated and surrendered the store on or before June 30, 1946. The taxpayer vacated on June 28, 1946, received payment from Jamlee, and returned the $22,500 as a long term capital gain in its tax return for the fiscal year ended October 31, 1946. The Commissioner determined a deficiency on the ground that the payment represented ordinary income under Section 22(a) of the Internal Revenue Code, 26 U.S.C. However, the Tax Court on stipulated facts, reversed the Commissioner and held the payment to be a long term capital gain under Section 117. See 19 T.C. 667.

■ A long term capital gain is defined as the "gain from the sale or exchange of a capital asset held for more than 6 months * * *." 26 U.S.C. § 117 (a) (4). In Commissioner of Internal Revenue v. Golonsky, 200 F.2d 72, certiorari denied 345 U.S. 939, 73 S.Ct. 830, 97 L.Ed. 1366, the Court of Appeals for the Third Circuit held the payment made to a lessee by the landlord for cancelling the lease and surrendering the premises to be a capital gain. See also Commissioner of Internal Revenue v. Ray, 5 Cir., 210 F.2d 390. We agree with that decision, and, as the Tax Court found below, we consider the instant case indistin-

guishable from it. Whether the property is held under a lease or by virtue of the Rent Control Laws seems immaterial; in both cases the lessee or tenant has the right to the possession and use of the premises as long as he continues to pay the rent.

■ The Commissioner attacks the Golonsky decision on the ground that it is inconsistent with recent decisions of this court holding payments made for the release of contractual rights, such as the right to an exclusive agency, to be ordinary income. Commissioner of Internal Revenue v. Starr Bros., Inc., 2 Cir., 204 F.2d 673; General Artists Corp. v. Commissioner, 2 Cir., 205 F.2d 360, certiorari denied 346 U.S. 866, 74 S.Ct. 105. See also Bingham v. Commissioner, 2 Cir., 105 F.2d 971. In these cases no "sale or exchange" within the meaning of the statute was found because the contractual right was not transferred, but was released and merely vanished. However, we think the right of possession under a lease or otherwise, is a more substantial property right which does not lose its existence when it is transferred. If it is sold by the tenant to a third person, the gain derived therefrom is a capital gain, Sutliff v. Commissioner, 46 B.T.A. 446, and we see no reason why a different result should be reached here. Moreover, the transaction seems closer to those cases holding that gain derived by the holder of a life interest upon sale to the remainderman is to be taxed as a capital gain. McAllister v. Commissioner, 2 Cir., 157 F.2d 235, certiorari denied 330 U.S. 826, 67 S.Ct. 864, 91 L.Ed. 1276; Bell's Estate v. Commissioner, 8 Cir., 137 F.2d 454. The decision of the Supreme Court in Hort v. Commissioner, 313 U.S. 28, 61 S.Ct. 757, 85 L.Ed. 1168, does not require a different result. There, in holding a payment made by the lessee to the landlord to cancel the lease to be ordinary income, reliance was placed on the fact that the payment took the place of what ordinarily would be payments for rent. That argument cannot be advanced here.

In regard to the long term aspects of the payment received here, we agree with the Tax Court that the holding period commenced when the statutory right of possession attached on January 24, 1945, well beyond six months before the transaction here occurred. Accordingly we find the decision of the Tax Court correct in holding the payment received here by the taxpayer to be a long term capital gain.

Affirmed.