**Peggy Hudson OGILVIE, Admx.**
**Petitioner,**

v.

**COMMISSIONER OF INTERNAL**
**REVENUE, Respondent.**

**Hillsman TAYLOR, Petitioner,**

v.

**COMMISSIONER OF INTERNAL**
**REVENUE, Respondent.**

**Nos. 12111–12112.**

United States Court of Appeals
Sixth Circuit.

Oct. 20, 1954.

P. K. Seidman, Memphis, Tenn., for petitioner.

H. Brian Holland, Daniel A. Taylor, John M. Morawski, Ellis N. Slack, and Dudley J. Godfrey, Jr., John J. Kelley, Jr., Washington, D. C., for respondent.

Before ALLEN, McALLISTER and MILLER, Circuit Judges.

PER CURIAM.

This cause was heard upon the record, briefs and argument of counsel for the respective parties;

And the Court being of the opinion that the receipt by the petitioners in May 1945 of $21,150 in cash from the judgment debtor Cole "in full settlement" of the $75,702.12 judgment against him, which petitioners had purchased in June 1943 from the judgment creditor for $11,004, was not a "sale or exchange of a capital asset" within the meaning of Section 117(a) (4), Internal Revenue Code, 26 U.S.C.A.; United States v. Bur-

rows Bros. Co., 6 Cir., 133 F.2d 772; Wenger v. Commissioner, 42 B.T.A. 225, 232, affirmed 6 Cir., 127 F.2d 523, certiorari denied 317 U.S. 646, 63 S.Ct. 40, 87 L.Ed. 520; Hale v. Helvering, 66 App.D.C. 242, 85 F.2d 819; Fairbanks v. United States, 306 U.S. 436, 59 S.Ct. 607, 83 L.Ed. 855; Helvering v. William Flaccus Oak Leather Co., 313 U.S. 247, 61 S.Ct. 878, 85 L.Ed. 1310.

 And that the Tax Court was not in error in treating the transaction as one resulting in ordinary income to the taxpayer and not constituting a long-term capital gain. Hudson v. C. I. R., 20 T.C. 734; compare: Commissioner of Internal Revenue v. Starr Bros., 2 Cir., 204 F.2d 673; Commissioner of Internal Revenue v. McCue Bros. & Drummond, Inc., 2 Cir., 210 F.2d 752.

It is ordered that the judgment of the Tax Court be affirmed.